## Abbott L. Adams et al.

### v.

## The Cross Wood Printing Company et al.

*Creditor's Bill—Corporations—Insolvency—Claims of Directors—Application of Assets—Power to Confess Judgment—Authority of Officers to Execute—Parties.*

1. Upon a creditor's bill a court of equity has ample power to reach assets in the hands of any person who is holding them without legal right, and to apply them in satisfaction of the claims of judgment creditors.

2. A director of an insolvent corporation can not apply its assets to the payment of a claim due himself to the exclusion of other creditors.

3. The president and treasurer of a corporation have no implied power to execute a power of attorney to confess a judgment against such corporation. They can only exercise such power when it has been given to them in express terms by the board of directors.

4. In the case presented, in the absence of the corporate seal, there was not even *prima facie* authority to enter the judgments in question, and such judgments and the executions issued thereon are void and may be assailed by any person interested.

[Opinion filed September 19, 1888.]

In error to the Superior Court of Cook County; the Hon. Egbert Jamieson, Judge, presiding.

Messrs. Frank J. Smith & Helmer, for plaintiffs in error.

The officers of a corporation have no authority to confess a judgment for the corporation without the express authority of

the board of directors.  Stokes v. New Jersey Pottery Co., 46 N. J. L. 237; Thew v. Porcelain Mfg. Co., 5 S. C. N. S. 415.

The directors of a corporation have no implied authority to act singly; they can act only as a board.  Mor. Priv. Corp. (2d Ed.) 531–2; Koehler v. Hubby, 67 U. S. 715; Angell & Ames on Corp. 232.

A judgment void for collusion or fraud may be abated by any creditor who is injuriously affected thereby, collaterally or otherwise.  Martin v. Judd, 60 Ill. 78; Re Dougherty's Estate, 9 W. & S. 196; Van Winkle v. Smith, 26 Miss. 491; Thompson's Appeal, 57 Pa. St. 178.

The directors of an insolvent corporation can not pay themselves out of the assets of the company to the exclusion of other creditors.  Mor. Priv. Corp. (2d Ed.) 787; Richards v. Ins. Co., 43 N. H. 263; San Francisco R. R. Co. v. Bee, 48 Cal. 398; Hopkins' Appeal, 90 Pa. St. 69; Stout v. Milling Co., 13 Fed. Rep. 802; Koehler v. Hubby, 67 U. S. 715; Bradley v. Farwell, 1 Holmes, 433; Drury v. M. & S. R. R. Co., 7 Wall. 299; Jackson v. Ludeling, 21 Wall. 616; Twin Lick Oil Co. v. Marbury, 91 U. S. 590; Corpet v. Woodward, 5 Sawyer, 416; Coons v. Tome, 90 Fed. Rep. 533; Beach v. Miller — Ill. —.

IRA W. BUELL, for Alfred J. Cross and Edward Richards, defendants in error.

MORAN, P. J.  Plaintiffs in error, who constituted three separate firms, filed their bill setting up the recovery by each firm of a judgment against the Cross Wood Printing Company, the issue of executions on said judgment and the return of executions on each judgment, no part satisfied.  The bill contains all the usual allegations of a creditor's bill and avers that said Cross Wood Printing Company was, about December 17, 1883, engaged in business in the city of Chicago; that it held and owned divers securities and also goods, wares and merchandise and equitable interests which ought to be applied to the payment of complainant's judgments; that it has dis-

posed of its property with intent to hinder and delay complainants; that the debts on which complainants' judgments are founded were created prior to the 10th day of December, 1883; that on said 10th day of December the Cross Wood Printing Company was, to the knowledge of all its officers and directors, insolvent. That the board of directors of said Cross Wood Printing Company never at any time prior to December 17, 1883, authorized the president and treasurer or any other officer of said company to make or execute any power of attorney to confess any judgment or judgments against said company. That, nevertheless, John R. Cross, pretending to be president of said company, and A. J. Pratt, as treasurer of said company, on or about the 15th day of December 1883, executed and delivered to said A. J. Cross a so-called judgment note in form as follows:

$1,350.20.                                   Chicago, Dec. 15th, 1883.

"On-demand after date for value received, we promise to pay to the order of Alfred J. Cross, thirteen hundred and fifty 20-100 dollars, at our office, Chicago, Ill., with interest at 7 per cent. per annum after date until paid.

And to secure the payment of said amount, we hereby authorize irrevocably any attorney, at any court of record, to appear for us in such court in term time or vacation, at any time hereafter, and confess a judgment without process in favor of the holder of this note for such amount as may appear to be unpaid thereon, together with costs and fifty dollars attorney's fees, and to waive and release all errors which may intervene in any such proceedings, and consent to immediate execution upon such judgment, hereby ratifying and confirming all that our said attorney may do by virtue hereof.

Cross Wood Ptg. Co.<br>by John R. Cross, <em>Pres.</em><br>A. J. Pratt, <em>Treas.</em>

That on the same day a similar note payable to the order of Edward Richards with like power of attorney and signed in the same manner, for the sum of $1,653, was delivered to Richards, and that on December 17, 1883, said A. J. Cross and said Richards caused judgments to be entered upon their said

respective notes against the said Cross Wood Printing Company and executions to be issued thereon and levied upon the property of said company of the value of more than $4,000, and caused the same to be afterward sold by the sheriff, and had the proceeds applied on the said executions; that both said A. J. Cross and said Richards were at the time of the entry of said judgments directors of said company, and knew that said company was at said time insolvent and unable to pay its just debts. Charges that said A. J. Cross and said Richards were and are liable to said Cross Wood Printing Company and to complainants as creditors thereof to account for the fair value of the said property so levied upon under said executions and converted by said parties to their use.

The separate answers of A. J. Cross and Richards to said bill deny that they knew of the insolvency of the corporation, admit the execution of the judgment notes, but deny that they were executed or the said judgment thereon entered without authority, but state no authority for entering the same; say the notes were given for a valuable consideration, to wit, for an actual indebtedness from said company to said Cross and Richards respectively; admit the sale under the executions, that property levied on only sold for $1,400, which sum was applied on said executions; deny all fraud and say that they were actual *bona fide* creditors of the company, and say that the said judgments were just and are not void. Cross denies that he ever was a director of the company, and Richards admits that he was such director at the time the judgments were entered.

The bill was taken *pro confesso* against the corporation, and the case was tried as to the other defendants, and upon the hearing it was clearly shown that the corporation was insolvent at the time the judgment notes were given and the judgment entered, to the knowledge of Cross and Richards, and Pratt, who was the treasurer of the company, and that all the property of the corporation was taken under the execution; but in our opinion the evidence failed to establish that A. J. Cross was a director or officer of the corporation.

Complainants offered to prove that there was no resolution

of the directors of the company, or any other action ever had with reference to the execution of said judgment notes of Richards and Cross, but the court excluded the evidence, and there was no evidence whatever in the case tending to show that the officers of the corporation were ever authorized by the board of directors to execute a power of attorney to confess a judgment against the said corporation.

The court, after hearing all the evidence, dismissed the bill for want of equity, and appellants have appealed and assigned the entering of such decree for error.

The decree could not stand so far as the appellee Richards is concerned if there were no other ground of error than that he, while a director of the corporation which was insolvent, undertook to apply the property of the company to the payment of a debt due from the said company to himself, to the exclusion of other creditors of the corporation. That this will not be permitted has been well settled by numerous authorities. The Supreme Court of this State in the recent case of Beach v. Miller, 20 Legal News, 239, said: "When the corporation is insolvent, that is, when its assets are not sufficient, or not more than sufficient, to pay its debts, the shareholders have no claim upon its property, but all its property belongs to the creditors; in such case the directors having control of the assets hold them in trust for all the creditors and can not use them up in the payment of their own claim. Morawetz on Priv. Cor., Sec. 787, and cases cited.

There is another ground of error, which, in our opinion, requires the reversal of the decree as to both Cross and Richards. The president and treasurer of a corporation have no implied power to execute a power of attorney to confess a judgment against the corporation. They can not lawfully exercise such a power unless it has been given to them in express terms by the board of directors. If the seal of the corporation is attached to the power of attorney it is perhaps *prima facie* sufficient to authorize the entry of the judgment, as it is evidence of the assent of the corporation when taken in connection with the signature of the proper officer or officers. In this case no seal of the corporation is attached to the power of

attorney, nor is there any seal at all upon it; and taking the note and the so-called power together, we are inclined to the opinion that there is not even *prima facie* authority for entering a judgment against the corporation upon it.  However that may be, we need not finally determine; for the bill clearly alleges that no authority was ever conferred on the president and treasurer to execute the powers of attorney or to confess the judgments attacked, and this allegation of the bill is not denied by the answer; and the evidence offered by appellants to sustain this allegation should have been admitted by the court, and must, for the purposes of this review, be treated as in the case and as proving the allegations.  The only authority, then, which the president and treasurer had to execute the power of attorney in question, was that which inhered in them as officers by virtue of their official position.  The question here presented was decided in The Joliet Electric Light & Power Company v. Ingalls, in the Appellate Court of the Second District, in an opinion by Mr. Justice Baker.  It was then said : " We think it plain, both on principle and from the authorities, that the president of a corporation has not, as a matter of law and simply by virtue of his office as president, authority to either confess a judgment against such corporation or execute a warrant of attorney empowering another so to do.  Such matters form no part of the ordinary business of the company which the president, as its executive officer, is authorized to transact *virtute officii*.  The power in question is not inherent in or incident to the office from either usage or necessity."  The cases cited by the learned judge fully support the doctrine stated.

The judgments, then, were entered without authority of law, and were not binding on the corporation or its property. They were void and the executions issued upon them were also void, and being so void, not merely irregular or voidable, they may be assailed by any person and treated as of no force so far as they affect such person's interest.

In Hoyt v. Thompson, 5 N. Y. 321, where the president and cashier of a bank, without authority from the board of directors, undertook, by an instrument under seal, to assign the

property of the bank to the State of Michigan for a valuable consideration, and the bank being insolvent the transaction was attacked in the interest of creditors, the court said: "A deed formally executed under the corporate seal bears upon its face the presumption that it was executed by competent authority from the corporation; but this presumption may be repelled and the deed avoided by showing that the seal wa affixed without authority. The assignments in question to the State of Michigan upon the facts shown are not voidable merely, but absolutely void. They appear on the face to convey a tit'e, but on the facts stated and admitted they convey nothing; and, without reference to the insolvency of the corporation, their validity may be impeached by the corporation itself. or in connection with such insolvency by its creditors, directly or collaterally, but with the same effect as if they had been forgeries; and whether the State of Michigan was a *bona fide* purchaser of the debt and securities or not makes no difference. The assignments not being the acts of the corporation, the State acquired no title; the case stands on the same footing as if the assignments had never been made."

The reasoning of the case quoted from applies to the case now under consideration, and was applied by the Supreme Court of New Jersey, in the case of Stokes v. New Jersey Potter Company, 46 N. J. L. 237, which case is directly in point. There, as here, a judgment was confessed by the officers of an insolvent corporation without authority from the board of directors, and there was a motion to set it aside in the interest of creditors. After showing that the judgment was void the court said: "Nor can this judgment acquire validity from the fact that the money advanced by plaintiff was applied for the benefit of the company. From that fact a debt would arise, and an obligation on the part of the corporation to pay the debt in common with other debts would result; but the plaintiff can not hold his security which gives him a lien upon the company's property, unless his security is a valid security as an incumbrance thereon, especially when the rights of other creditors are involved. The receiver as the representative of creditors, has the capacity to make the

objection that the security was not made in such a manner as to be binding upon the corporation."

The proceedings in those cases were by receivers and were in the nature of insolvent proceedings instituted by creditors, but the power of the court on creditor's bill in this State is ample to reach all assets of the debtor's in the hands of any person who has obtained them without legal right to hold them, and apply the same in satisfaction of the claims of the judgment creditors.

We conclude, therefore, that the complainants were entit'ed to a decree against the defendants, A. J. Cross and Richards, that they account for the value of the property seized by them respectively on their void executions, and it was error for the court to dismiss complainants' bill.

The decree will therefore be reversed, with directions to the Superior Court to enter a decree requiring said appellees to account for all property taken by them, or either of them, under their said judgments and executions, and the court will proceed, in accordance with the usual practice in chancery, to find the value of the property so seized by said appellees, and will, on the same being ascertained, decree the payment of the same to the complainants to the extent of their judgments, or to a receiver under complainants' bill, if one shall be appointed, and such other and further proceedings or decree may be had in said case as shall be in accord with the practice of the court and not inconsistent with this opinion.

*Reversed and remanded.*