## CALVIN E. RAUB v. BLAIRSTOWN CREAMERY ASSOCIATION.

## J. WATSON COOK v. BLAIRSTOWN CREAMERY ASSOCIATION.

1. The president of a corporation has no authority, by virtue of his office as president, to execute a *cognovit.*  The *cognovit* is, in terms, a confession of the action, and the doctrine of *Stokes* v. *New Jersey Pottery Co.,*. 17 *Vroom* 237, controls this case.
2. No presumption of the president's authority arises from his attaching a common paper seal, and stating in the certificate " witness the corporate seal of said defendant," there having been, in fact, no delegation of authority to him by the company to sign the *cognovit* or attach the seal.
3. The case of *Parker* v. *Washoe Manufacturing Co.,* 20 *Vroom* 465, is not antagonistic to the views expressed in this opinion.

On cases certified from the Warren Circuit Court.

The question certified for the advisory opinion of the Supreme Court is as follows :

The above-stated causes coming on to be heard upon rule to show cause why the judgments entered therein should not be set aside and the executions issued thereon be set aside, on

the application of L. Milton Wilson, receiver of the said Blairstown Creamery Association, the defendants in said judgments named, and it appearing that the said cases present questions of doubt and difficulty, I do hereby certify the said causes into the Supreme Court for its advisory opinion upon the matters involved in said causes, and whether the rules to show cause allowed should be made absolute and the judgments and the executions issued thereon be opened and set aside. The question certified in both cases is whether or not the president had power to sign the *cognovit* upon which judgment was entered in both cases, and affix a common seal as the corporate seal of the company, and whether judgment could be entered thereon, there having been no delegation to him of authority by action of the corporation to sign such *cognovit.*

The questions arise as follows

Actions were brought in the Circuit Court by the plaintiffs against the defendants, upon contracts for work done and goods sold and delivered. The actions were commenced by the service of a summons dated August 1st, 1893, accompanied by a declaration, which were both served on the defendant by the sheriff that day. Judgment was entered August 2d, in the Raub case, on the following *cognovit :*

## WARREN CIRCUIT COURT.

| | |
|---|---|
| CALVIN E. RAUB<br><br>*v.*<br><br>BLAIRSTOWN CREAMERY ASSOCIATION. | *On contract.*<br>*Cognovit.* |

The said The Blairstown Creamery Association, the above-named defendant, hereby confesses this action and that the plaintiff hath sustained damage to the amount of two hundred and thirty-seven dollars and fifty-one cents, as laid in his declaration, besides his costs and charges to be taxed. As witness the corporate seal of said defendant, this first day

of August, in the year of our Lord one thousand eight hundred and ninety-three.

(Signed)

THE BLAIRSTOWN CREAMERY ASSOCIATION, by

FERDINAND WILDRICK, *President.*

CHARLES E. HARRIS, *Atty. of Deft.*

[Common paper seal.]

And on the same day, in the Cook case, judgment was entered on a similar *cognovit.* Execution was issued on both judgments.

There was no delegation of authority by the company to the president of the company to sign this *cognovit* or affix the seal he did, as the corporate seal of said company. On August 8th, L. Milton Wilson was appointed receiver of said defendant corporation, which was declared insolvent, and he gave bonds and entered upon the discharge of the duties of his office. Upon application of the receiver, September 12th, it was ordered that the plaintiffs show cause why the judgments should not be opened and made void, and the executions issued thereon set aside. The case is pending before the Circuit judge on papers and depositions taken by both sides.

Argued at November Term, 1893, before Justices DIXON and ABBETT.

For the plaintiffs, *Henry S. Harris.*

For the receiver, *George M. Shipman.*

The opinion of the court was delivered by

ABBETT, J. This case cannot be distinguished, on principle, from the case of *Stokes* v. *New Jersey Pottery Co.,* 17 *Vroom* 237. It was held in that case that the president of a corporation has no power, in virtue of his office as president, to execute a bond and warrant of attorney for the entry of a judgment by confession against the corporation. The *cognovit* in terms is a confession of the action, and the right to give

it does not come within the power the president has as the general agent of the company to direct and control its business, or where his agency is presumed from the assent of the directors by their consent and acquiescence in permitting him to do this class of acts.   No presumption arises from the seal attached, because it does not appear upon its face to be the corporate seal of said company, and the case does not show that the corporation authorized its use as such.   There is no proof that it is actually what it purported to be, and such a seal does not prove its own authenticity.   *Den* v. *Vreelandt,* 2 *Halst.* *352.

The case of *Parker* v. *Washoe Manufacturing Co.,* 20 *Vroom* 465, is not antagonistic to the view here taken.   That was a case where there was no question as to the seal being the corporate seal of the company, but the question was whether its probative force was overcome by the testimony in the case. The court held " that this testimony does not countervail the presumption in favor of the validity of the sealed instruments."

Let the Circuit Court be advised that the president of the Blairstown Creamery Association had no power to sign the *cognovits* upon which judgment was entered in both cases, and affix thereto a common paper seal as the corporate seal of the company, and that no judgments could be entered on said *cognovits.*