[Civil No. 1086.   Filed March 20, 1909.]

[100 Pac. 952.]

THE ARIZONA MINING AND TRADING COMPANY, a
Corporation, Defendant and Appellant, v. J. J. BEN-
TON, Plaintiff and Appellee.

1. PLEADING—REPLY—TIME TO REPLY.—Judgment was taken against
a corporation on an answer admitting a debt, and the corporation
moved to vacate the judgment for collusion, tendering a proposed
answer to the complaint.  Plaintiff filed a pleading, which did not
controvert the allegations in support of the motion, but traversed
the proposed answer.  *Held,* that such pleading was premature
as a reply since no answer had been filed, only an application to
file being presented.

2. JUDGMENT—VACATION—PROCEDURE.—On motion by a corporation to
vacate a judgment against it obtained on confession by the pres-
ident of indebtedness so far as concerned the question of alleged
collusion by the president and his personal interest, it was proper
to weigh the facts presented, either on affidavits or oral evidence.

3. SAME—SAME—SAME.—On motion to vacate a judgment obtained by
confession and to allow a defense, the court should not pass upon
the merits of the defense alleged where a valid defense is *prima
facie* shown by an affidavit of merits or by a verified answer ex-
plicitly showing its nature and sufficiency, since such determination
deprives the defendant of his day in court and of a right to appeal
therefrom.

4. SAME—SAME—JUDICIAL DISCRETION.—Whether a defendant may
open a default or have a judgment set aside is discretionary with
the trial court, but the determination must rest on a proper presen-
tation of the moving party of sufficient grounds to invoke exercise
of the discretion and of facts showing *prima facie* a valid defense.

5. PLEADING—"ANSWER"—NATURE.—An answer, to be such, must con-
fute plaintiff's claim in fact or in law—in other words, its pur-
pose being to defeat the suit, it must contain matter of defense
or of avoidance—and hence a pleading admitting the debt sued on,
alleging inability to pay and praying judgment according to law,
is not, strictly speaking, an answer, it being a plea of confession.

6. SAME—SAME—DENOMINATION AS SUCH.—Mere denomination of a
document as an answer does not make it such.

7. CORPORATIONS—REPRESENTATION BY OFFICERS—CONFESSION OF JUDG-
MENT—PRESIDENT.—The president of a corporation cannot confess
judgment for it, in the absence of express authority conferred by
statute or by the corporation, except where authority may be im-
plied from the nature of the corporate business or his duties.

8. SAME—PRESIDENT—POWER—CONFESSION OF JUDGMENT.—The president of a corporation was precluded from confessing judgment for it, in the absence of authority, where he was interested in the note sued on, though no fraud be imputable to him.

APPEAL from a judgment of the District Court of the Second Judicial District, in and for the County of Cochise. Fletcher M. Doan, Judge. Reversed and remanded.

The facts are stated in the opinion.

J. F. Ross, and Neale & Sutter, for Appellant.

The reply of appellee to the proposed answer should have been stricken out. The court is not to try and decide upon the facts set up by way of defense, or to determine whether the defense will ultimately prevail. *Joerns* v. *La Nica,* 75 Iowa, 705, 38 N. W. 129; 23 Cyc. 964; Black on Judgments, sec. 348; Freeman on Judgments, sec. 109. The president of a corporation has no implied power to confess judgment against the corporation. 10 Cyc. 907; 7 Current Law, p. 918; 9 Current Law, p. 783; *Stokes* v. *New Jersey etc. Co.,* 46 N. J. L. 237.

Richardson & Doan, for Appellee.

The reply and affidavits were filed as controverting the grounds upon which the motion to vacate were based, and not for the purpose of enabling the court to inquire into the merits of the case, and for that reason should stand. *Butte Butchering Co.* v. *Clarke,* 19 Mont. 306, 48 Pac. 303; *Security Loan and Trust Co.* v. *Estudillo,* 134 Cal. 166, 66 Pac. 257; *Hefling* v. *Van Zandt,* 162 Ill. 162, 44 N. E. 424; *Gilchrist Transp. Co.* v. *Northern Grain Co.,* 204 Ill. 510, 68 N. E. 558.

When counter-affidavits are filed, it is the duty of the court to hear any evidence which will aid the court in determining whether the judgment should be vacated, and the burden of proof in such cases is on the moving party to make his case with clear and convincing proof. *Wheeler* v. *Castor,* 11 N. D. 347, 92 N. W. 381, 61 L. R. A. 746; *El Paso & Southwestern Ry. Co.* v. *Kelly* (Tex. Civ. App.), 83 S. W. 855; *Gay* v. *Grant,* 101 N. C. 206, 8 S. E. 99, 106; *Tidioute and Tiona Oil Co.* v. *Shear,* 161 Pa. 508, 29 Atl. 107. The answer filed by

Overlock as president of the company was sufficient to authorize the court to try the case and receive evidence. It was not a confession of judgment, but an answer setting forth what Overlock understood as the true facts of the case.

KENT, C. J.—Benton brought suit in the court below against the Arizona Mining and Trading Company on a promissory note for $18,242.05 alleged to have been executed to him by the company, and to be due and owing from it. The summons was served on C. A. Overlock, the president of the defendant company, on May 12, 1908, and on the same day a pleading entitled an answer, verified by the said Overlock, as president of the company, was filed on its behalf, reading as follows, omitting the title of the court and cause: "Comes now the defendant, the Arizona Mining and Trading Company, a corporation, and, answering the complaint filed herein, admits as substantially true the material allegations thereof, and alleges that this defendant is unable at this time to pay the indebtedness set forth in said complaint, or any part thereof. Wherefore this defendant prays judgment of this court in accordance with law. Arizona Mining and Trading Company. C. A. Overlock, President." On the same day the case was brought on for trial in the district court, and a judgment rendered in favor of the plaintiff for the amount of the note and interest, the said judgment containing the following recital: "Evidence is now introduced on behalf of the plaintiff, and it further appearing from the verified pleadings on file herein, as well as from said evidence, that the allegations of the complaint are true and proven, and the matter having been submitted to the court for finding and decision, and the court being fully advised in and concerning the premises, it is therefore ordered," and so forth. On May 21st the defendant company, through its attorneys, filed a motion to vacate and set aside the judgment so entered, and for leave to file a proposed answer attached to the motion. The motion was based on the ground that the judgment was obtained by fraud and collusion, and that it was obtained upon an answer purporting to have been made on behalf of the defendant by Overlock, its president, admitting the truth of the allegations of the complaint, which answer was made collusively and fraudulently by Overlock at the instance and request of plaintiff

without any authority on the part of the defendant company
to Overlock to appear in said action or file said answer, and
alleged that the defendant had a meritorious defense to the
action and the whole thereof, and had no notice of said action
or opportunity to present its defense.  The motion was sup-
ported by the affidavits of E. H. Lewis, W. F. Rudolph, and
J. F. Ross.  The affidavits of Lewis and Rudolph set forth
that the board of directors of the defendant company con-
sisted of themselves and Overlock, the president; that neither
of the affiants had any knowledge or notice of the filing of the
action or the rendering of the judgment therein, or of any
service of any process on the corporation until after the judg-
ment was rendered; that the directors of the company had
never authorized Overlock to file an answer or appear in be-
half of the corporation.  They further alleged on information
and belief that Overlock was personally interested in, and a
beneficiary of, the note sued on.  The affidavit of Ross stated
that he was at the county seat on the day the answer in the
case was filed by Overlock, and that Overlock saw him there,
and that though Overlock knew that Ross was the counsel and
legal adviser of the board of directors of the defendant com-
pany, Overlock did not inform Ross of the filing of the action
or the filing of the answer made by Overlock in the action,
or disclose to Ross anything whatever concerning the action.
The answer which the corporation asked leave to file was veri-
fied by Rudolph as one of the directors of the corporation,
and denied that the promissory note sued upon by Benton
was founded upon any consideration, or that there was any
sum due Benton thereon by the company, and affirmatively
set forth matters of defense which, if true, were sufficient to
defeat Benton's claim.  On the twenty-fifth day of May the
plaintiff, Benton, filed in the office of the clerk of the court
a reply to the answer sought to be interposed by the defend-
ant corporation, setting up matters in contravention of the
alleged facts set forth in said answer.  A motion was made
by the attorneys for the corporation to strike the reply from
the files on the ground that it was prematurely filed, and that
it appeared upon its face to be for the purpose of answering
the allegations set forth in the defendant's answer, and, as it
went to the merits of the defense as alleged in the answer,
was not a proper pleading or properly before the court upon

the motion to set aside the judgment in the case.   The motion to strike this reply from the files was denied by the court. The president, Overlock, filed an affidavit, in which he stated that, upon being served with the summons and complaint in the case, he believed it to be his duty to make such answer to the complaint as the facts would warrant, and for that reason executed and filed the answer therein; that it was not filed at the request of the plaintiff or his attorneys, but in accordance with his own belief as to his duty in the matter; that he had no interest as to whether the plaintiff recovered on the note sued on in the complaint or not; that he did not know or believe that Ross was the counsel of the company.   Upon the return day of the motion to set aside the judgment, the court took the testimony of a number of witnesses, and went fully, not only into the question of collusion and interest, but also into the merits of the case, both as to the plaintiff Benton's claim and as. to the validity of the company's defense thereto, and at the conclusion thereof denied the motion, holding that the evidence showed that there was no want of consideration for the note; that there was no fraud or collusion between the president Overlock and the plaintiff or his counsel; that the execution of the note was authorized by the directors of the defendant company; that the company obtained the money and used it to pay its running expenses; and that there was nothing in the evidence that would militate against the *bona- fides* of the claim or affect the consideration for which the note was given.   The court further held that the answer filed by Overlock, the president, could not be considered as a confession of judgment in the case, since the case had been taken up upon the issue raised by the answer filed and the judgment had been rendered after the taking of evidence and upon a hearing on the merits, and further held that, as there was no possible defense to the action, the step taken by the president in admitting the debt was the wise course and merely a prudent business act on the part of the president for the corporation.   The matter comes before this court upon an appeal from the denial of the motion to vacate and set aside the judgment.

We have deemed it desirable to set forth thus fully the record in the case as the situation is somewhat involved.   The reply to the defendant's proposed answer would seem to have

been prematurely filed. It did not controvert the allegations in support of the motion to vacate the judgment, but put in issue the matter alleged in the proposed answer in defense of the cause of action of the plaintiff. It properly had no place in the record, since no answer had been filed, but only an application to file an answer was presented. The court below heard a large amount of testimony covering all the phases of the case, and upon such testimony concluded that the defendant had no sufficient defense to the action, and that there was no fraud or collusion, and therefore refused to set aside the judgment, and permit the filing of such defense. So far as the question of the alleged collusion between Overlock and the plaintiff's attorneys and the alleged personal interest of Overlock in the plaintiff's action and the judgment was concerned, it was proper for the court to weigh the facts presented either by affidavit or by the taking of oral testimony, if that method was desired, and to determine the questions. We do not think, however, upon a motion to set aside a judgment and allow a defendant to present its defense, that the court should hear testimony for the purpose of determining the merits of such defense, or pass upon such merits where such a valid defense is *prima facie* shown to exist by an affidavit of merits or by a verified answer explicitly showing its nature and sufficiency. A determination of such issue upon a motion to set aside a judgment deprives the party, not only of his day in court, but of his right of appeal from the decision upon such issue. Whether or not a defendant shall be permitted to open a default or set aside a judgment lies in the wise discretion of the trial court, but the determination in that respect is to be based upon a proper presentation by the moving party, first, of sufficient grounds to invoke the exercise of the discretion; and, second, of alleged facts sufficient to show *prima facie* a valid defense, but the truth of such facts and the sufficiency of the defense as a matter of law is a question to be determined upon the trial of the case, and not upon the motion.

In the case before us the defendant presented to the trial court by its affidavits and proposed answer facts sufficient to show *prima facie* a valid defense to the action. Without inquiring into the truth or falsity of such defense, it was then the duty of the trial court to ascertain whether grounds ex-

isted sufficient to warrant the court to grant the application
in the exercise of a wise discretion.   It is true that the record
shows that the company itself presented orally upon the
motion this evidence by which it hoped to sustain its conten-
tion that it had a valid defense; but this was very probably
done because the reply which the court had refused to strike
put these facts at issue, though they were improperly at issue,
since this question was not then properly before the court.
We have not on this appeal, therefore, considered the question
whether upon the facts orally presented to the trial court upon
the motion the trial court was right in concluding that the
defense of the company upon the merits was as a matter of
law or of fact insufficient.   Apart from this, and treating, as
we think should have been done, the defense sought to be
interposed by the company as *prima facie* sufficient, we have
to determine the question whether the court erred in not hold-
ing that sufficient grounds existed to call for the granting of
the motion in the exercise of a proper discretion.   We think
sufficient grounds to call for such action are to be found in
the record.   It appeared that Overlock, the president of the
company, on the same day that he was served with the sum-
mons and complaint, caused the document which was styled
the answer of the company to be drawn for him by one of
the plaintiff's attorneys, and the action was that day brought
to trial and judgment rendered.   The trial court, however,
upon the subsequent investigation into the facts made by it
upon the hearing of the motion, found that there was no col-
lusion between Overlock and the plaintiff's attorneys, and no
actual fraud, and we see no reason to question this conclusion
so reached.   We do not think, however, that the defendant
company can be bound by the action of Overlock in appear-
ing and filing in its behalf the answer interposed by him.
Strictly speaking, and also under the provisions of our code,
it was not an answer, since an answer, to be such, must be a
confutation in fact or in law of the plaintiff's claim.   In other
words, its purpose being to defeat the action and to bar the
plaintiff's recovery, it must contain matter of defense or of
avoidance.   Though a document be denominated an answer, it
does not become an answer from such denomination alone.
*Brower* v. *Nellis,* 6 Ind. App. 323, 33 N. E. 672.

Whatever it be termed, or whatever its phraseology, the document in question was in effect a plea of confession of the cause of action. It is true that it did not in terms confess judgment or authorize the entry of judgment, but it did in terms acknowledge the debt and admit the company's inability to pay. While the record shows that the trial court took evidence on the part of the plaintiff before rendering judgment, the judgment recites that the truth of the allegations of the complaint are also established by the verified pleadings, and the plea interposed by Overlock was such a one as would have enabled the court to render judgment for the plaintiff without any testimony being adduced by the plaintiff. The substance and not the form must be looked at. So viewed, it is in effect a plea of confession of judgment, and it must be so treated. *Puget Sound Nat. Bank* v. *Levy,* 10 Wash. 499, 45 Am. St. Rep. 803, 39 Pac. 142. We hold with what seems to be the better rule, that the president of a corporation may not, in the absence of statutory authority, confess judgment for his corporation without the express authority of the corporation, except, perhaps, in instances where the nature of the business of the corporation or the nature of the duties of the president are such that authority from the corporation so to act may be implied. *Raub* v. *Blairstone Creamery Co.,* 56 N. J. L. 262, 28 Atl. 384; *Stokes* v. *New Jersey Pottery Co.,* 46 N. J. L. 237; *Adams* v. *Cross Wood Co.,* 27 Ill. App. 313; Cook on Corporations, 4th ed., pars. 716, 754. No such authority is claimed in this case by the president, and the corporation has expressly repudiated his act in this direct proceeding brought in the same case to set it aside. Furthermore, while the trial court found that there was no collusion between Overlock and the plaintiff or his attorneys, the testimony given shows, we think, such a personal interest of Overlock in the plaintiff's claim antagonistic to the corporation as would preclude his admitting liability on the part of the corporation without its sanction or authority. Overlock testified that he originally had a claim against the company to the extent of $1,264.32, and that it was part of the note sued on; that he had assigned it to Benton, and had never received anything for the debt, the understanding being that Benton would assume the account, and, as soon as he collected the note from the company, would pay Overlock what was

due him.  Benton testified that he had paid nothing for the Overlock claim; that, when he collected the note, he expected to pay Overlock.  It is true that Benton also testified that he intended to pay Overlock the amount due him whether he collected the note from the company or not.  But while Overlock, therefore, had no direct claim upon the defendant company or the proceeds from the collection of the Benton note, it appears from the evidence that he was interested in the recovery, since the payment to him from Benton, if not dependent upon, was enhanced by Benton's recovery.

We think by reason of these facts, and though there be no fraud to be imputed to Overlock or the plaintiff's attorneys, the case was one in which the trial court should have sustained the motion to set aside the judgment, and have allowed the defendant company to interpose its answer.  The order of the district court denying the motion is therefore reversed, and the case is remanded to the district court for further proceedings in conformity with this opinion.

SLOAN, CAMPBELL, and NAVE, JJ., concur.