[Civil No. 1404.   Filed May 21, 1915.]

[148 Pac. 874.]

CHARLES H. MEADOWS, ANNA C. MOLLOY and JOSEPH M. BALSZ, Appellants, v. J. C. JONES and WINGATE LINDSEY, Appellees.

REPLEVIN—COMPLAINT—SUFFICIENCY.—A complaint in replevin of cattle, which alleges that plaintiff was the owner and in the actual possession, and entitled to the possession, of the cattle, that defendants without just cause unlawfully took possession of the cattle without consent of the plaintiff, and ever since unlawfully withhold the cattle from plaintiff, to his damage in a specified sum, and which avers a demand for the possession, and a refusal, and which prays for the possession of the cattle and for damages for their detention, states a cause of action as against a demurrer.

[As to necessity and sufficiency of allegation as to ownership or right of possession in complaint in replevin, see note in Ann. Cas. 1912A, 333.]

APPEAL from a judgment of the Superior Court of the County of Yuma.  Frank Baxter, Judge.  Reversed and remanded.

Mr. Thos. D. Molloy, for Appellants.

No appearance for Appellees.

CUNNINGHAM, J.—The appellant Charles H. Meadows, as plaintiff, commenced this action, alleging in his amended complaint:

"That on March 30, 1913, plaintiff was the owner, and in the actual possession, and entitled to the possession, of 50 mixed cattle, branded, . . . all situate and being in Yuma county, Arizona, and on said last-mentioned day the defendants J. C. Jones and Wingate Lindsey [appellees], without just cause or right, unlawfully and wrongfully seized and took possession of said 50 cattle, without consent of plaintiff, and ever since and still unlawfully withhold and detain said cattle from the plaintiff, to his damage in the sum of two hundred and twenty-five ($225.00) dollars."

Alleging acts committed by defendants that resulted in injury to the property, damaging plaintiff in the further sum

of $225; alleging a demand made for the possession, and a refusal; alleging that the cattle are of the value of $650; alleging "that the plaintiff is still the owner and entitled to the immediate possession of said cattle"; and praying for the possession of the ·cattle, and for the sum of $450 for their detention, and for damages thereto and costs. The amended complaint was filed July 1, 1913.

The defendants demurred to the amended complaint for the alleged reason and upon the ground that the complaint fails to state facts sufficient to constitute a cause of action against the defendants. They answered, denying every allegation of the complaint, except the allegation that plaintiff demanded the return of ·the property and the demand was refused. They denied that defendant Jones has any interest in or is in any way concerned in any matter complained of in said complaint, or had any part therein whatever. Defendant Wingate ·Lindsey, answering separately, answered, purporting to justify the taking of the property described under certain ordinances of the town of Yuma, while acting as poundmaster of the municipal corporation.

The plaintiff moved to make the·answer more definite and certain, demurred to the sufficiency of the answer, and replied, denying in detail the ordinances, and the authority in defendant Wingate Lindsey to act under any ordinance·in taking up the property, impounding the property, and in having any lien on the property in his favor for fees and charges, and denied all right in said ·defendant to the possession of the property until the lien was discharged, or at all, and denied the fact that the property was subject to be taken and impounded, and that any lien for·fees and charges arose. The court sustained defendants' demurrer to the complaint, denied plaintiff's motion to make the answer more definite and certain, overruled plaintiff's demurrer to the answer, and, without taking·or requiring any proof, rendered judgment based upon elaborate findings of fact. The judgment, omitting the findings, is as follows:

"Wherefore it is ordered, adjudged, and decreed that the plaintiff take nothing by this action, ·but that the defendants have and recover of and from the plaintiff, and Joseph Balsz and Anna C. Molloy, the sureties on the replevin bond herein, the sum of seventy-eight and 50/100·dollars ($78.50), and for

the further sum of fifty-five dollars ($55.00) as expenses and attorney's fees, and for the further sum of fifty dollars ($50.00) as damages for the wrongful act of the plaintiff to the defendant J. C. Jones in making him a party to this suit, in all the sum of one hundred eighty-three and 50/100 dollars ($183.50), and for costs, taxed at five dollars ($5.00) and for the return of said fifty-two head of cattle to said defendant Wingate Lindsey, until said sums, together with all sums incurred in the care and keeping of said fifty-two head of cattle, shall have been paid, and that execution issue in accordance herewith."

From such judgment this appeal is prosecuted. The appellants assign the order sustaining the general demurrer to the complaint as error, and contend that the complaint states a cause of action.

The complaint "in an action of replevin, as in other civil actions, . . . must allege facts sufficient to constitute a cause of action, and to show that it exists in favor of plaintiff, and against defendant. . . . The complaint must state in clear and concise language the facts upon which plaintiff bases his right, and which entitle him to recover, and it must allege facts, and not matters of evidence, or legal conclusions. The material facts to be alleged are plaintiff's ownership, either general or special, of the property, describing it, his right to its immediate possession, and the wrongful taking or detention thereof by defendant, and ordinarily this is all that is necessary to be stated, except where it is necessary to allege a demand; it being unnecessary to anticipate and negative matters of defense." 34 Cyc. 1464.

The complaint alleges plaintiff's general ownership and his right to immediate possession of the cattle, and describes the cattle, and alleges that on the thirtieth day of March, 1913, while plaintiff was the owner of and had the possession of the property so described, the defendants, without just cause or right, seized and took the possession of the said property from plaintiff, without plaintiff's consent, and withhold and detain the cattle from plaintiff. These allegations sufficiently set forth every material fact necessarily required to be alleged, entitling plaintiff *prima facie* to recover, and therefore set forth a cause of action. The order of the court sustaining the general demurrer thereto is reversible error.

The other questions raised require no discussion. The statute is clear as to the requirements of the parties in forming the issues and the form of the judgment. No judgment can stand unless supported by sufficient evidence, and we must presume that upon a new trial the court will avoid the errors complained of here, if errors were thus committed.

The judgment is reversed and the cause remanded with instructions to overrule the demurrer and proceed according to law.

ROSS, C. J., and FRANKLIN, J., concur.