[Civil No. 3134.  Filed January 26, 1932.]

[7 Pac. (2d) 248.]

JOSE  BELTRAN,  Appellant,  v.  JACK  ROLL, Appellee.

Mr. William H. Westover, for Appellant.

Mr. Glenn Copple, for Appellee.

LOCKWOOD, J.—On the twenty-ninth day of April, 1931, Jose Beltran, hereinafter called plaintiff, filed a suit in replevin in the superior court of Yuma county against Jack Roll, hereinafter called defendant, seeking to recover the possession of certain mesquite wood. Summons was issued and duly served upon defendant on April 30, 1931, in Yuma county. On May 22d, defendant not having appeared or answered, plaintiff filed his praecipe for default, which was on that date entered by the clerk. Thereafter and on May 29th, plaintiff appeared in court and offered evidence in support of the complaint, at the conclusion of which judgment was rendered in his favor for the possession of the property described in the complaint, or for the value thereof, fixed by the court at the sum of $1,500, in case delivery could not be had. Thereafter and on June 12th, defendant served on plaintiff a motion to set aside the judgment, supported by affidavits of Donald B. Wisener, clerk of the court, M. O. Kimbrough, deputy clerk, and defendant and Glenn Copple, his attorney. The motion to vacate the judgment and set aside the default was submitted on the affidavits, and the court made an order granting the motion, whereupon plaintiff appealed from such order to this court.

It is the law in this state that when a default has been entered upon defendant's failure to answer and judgment rendered thereafter upon the default, in order that the judgment may be set aside and defendant permitted to answer, a motion to that effect must be supported by an affidavit of merits which shows on its face that defendant has a substantial and meritorious defense, and of what it consists. *Copper*

*King of Arizona* v. *Johnson,* 9 Ariz. 67, 76 Pac. 594; *Arizona Min. etc. Co.* v. *Benton,* 12 Ariz. 373, 100 Pac. 952; *Security Trust & Savings Bank* v. *Moseley,* 27 Ariz. 562, 234 Pac. 828. It must also appear that the failure of defendant to answer was the result of excusable conduct on his part. Section 3859, Rev. Code 1928; *Arizona Min. etc. Co.* v. *Benton, supra; Lynch* v. *Arizona Enterprise Min. Co.,* 20 Ariz. 250, 179 Pac. 956; *Gutierrez* v. *Romero,* 24 Ariz. 382, 210 Pac. 470; *Garden Development Co.* v. *Carlaw,* 33 Ariz. 232, 263 Pac. 625.

Taking the showing made by the affidavits in the strongest possible manner in behalf of defendant, as we must take them since the trial court granted the motion, it appears from the affidavit of Glenn Copple, attorney for defendant, that on May 18th he left with the clerk of the superior court a general demurrer to the complaint in the action, but did not at the time pay or tender to the clerk the statutory filing fee. He told the latter, however, that he, Copple, was extremely busy at the time, and if the clerk would file the general demurrer, and bring him a receipt therefor, he would immediately pay the filing fee, whereupon the clerk agreed to file the demurrer and bring the receipt to him at a later time. By reason of this promise of the clerk, Copple was led to believe and did believe that the demurrer was filed within the statutory time, and knew nothing about the default being entered or judgment being rendered thereon until so informed by his client some days later. The affidavit of merits made by defendant reads as follows:

"Jack Roll, being first duly sworn deposes and says: that he is the defendant in the above entitled action; that he employed Glenn Copple, Attorney at Law, to file an answer in said action; that he has a full, complete and absolute defense to the said complaint; that he the said plaintiff is now and should

be estopped from ever asserting any claim on the subject matter of the said suit; that heretofore to-wit: on the 12th day of December, 1930, the said plaintiff in cause number 7307 filed in the said Superior Court of the State of Arizona in and for the County of Yuma styled, Jose Beltran, Plaintiff vs. Jack Roll, Defendant, sued the defendant upon the identical matter now in question in the present suit and thereafter on to-wit the 26th day of December, 1930, judgment was duly entered in favor of the plaintiff and against the defendant for the sum of $421.64; that the said files and records in case number 7307 is made a part of this affidavit; that it is unjust for the said plaintiff to maintain this action in as much as the matter had been fully settled by the said judgment heretofore mentioned; that there is no merit or claim in the said plaintiff's suit against the said defendant.''

Plaintiff first suggests that, even though the general demurrer in question had been filed within the time, the court should have rendered the judgment it did on the pleadings, and urges in support of this position the provisions of section 3780, Revised Code of 1928, which reads, in part, as follows:

''Sham, irrelevant or frivolous answers and frivolous demurrers may be stricken out, or judgment rendered notwithstanding the same as for the want of an answer.''

Plaintiff insists it is obvious on the face of the record that a general demurrer to the complaint herein is frivolous, and that therefore it was the duty of the court to render judgment as for the want of an answer, even though the general demurrer had been filed.

A frivolous demurrer is one which raises no serious question of law. *Johnston* v. *Pate,* 83 N. C. 110; *Morgan* v. *Harris,* 141 N. C. 358, 54 S. E. 381; *Nolen* v. *State,* 48 Okl. 594, 150 Pac. 149; *Germain* v.

*Harwell,* 108 Miss. 396, 66 South. 396. The action of replevin is one of the simplest known to the law of pleading. This court has stated the necessary elements of a good complaint in such an action in the case of *Meadows* v. *Jones,* 17 Ariz. 104, 148 Pac. 874, as follows:

"The material facts to be alleged are plaintiff's ownership, either general or special, of the property, describing it, his right to its immediate possession, and the wrongful taking or detention thereof by defendant, and ordinarily this is all that is necessary to be stated, except where it is necessary to allege a demand; it being unnecessary to anticipate and negative matters of defense."

On examination of the complaint herein, it appears that each and all of the material allegations necessary to a replevin action were so clearly and positively set forth that the veriest tyro should have recognized it was not vulnerable to a general demurrer. Such being the case, we think that the general demurrer raised no serious question of law, and was frivolous under the definition above stated, and could have been interposed only for the purpose of delay. We are the more impelled to such belief by the fact that no answer on the merits, nor any other pleading, was attempted to be filed therewith, nor indeed, has defendant tendered one up to the present time. It is true that under our system of pleading a defendant may, if he desires, file a general demurrer alone, and later plead to the merits. *Perrin* v. *Mallory Commission Co.,* 8 Ariz. 404, 76 Pac. 476. But if it is frivolous, judgment may be rendered at any time before a meritorious answer is tendered, without even the necessity of moving to strike the demurrer. We are of the opinion that the interests of justice would be served if trial courts were more prone, when it appears any pleading is frivolous and

filed merely for the purpose of delay, to discourage such practice by every means in their power, and in appropriate cases by the application of section 3780, *supra;* and, had the trial court in this instance refused on account of such section to set aside the judgment and default, we should have sustained its action, no matter what excuse was offered for the actual failure to file the demurrer, or what affidavit of merits was presented. However, the application of such section is discretionary, and, since the court did not so refuse, we shall not reverse its order on that ground.

We come next to the question of whether or not there was a sufficient showing of excusable conduct on the part of defendant, and if a sufficient affidavit of merits was filed. The excuse given for the failure to file was the reliance of defendant's counsel on the alleged promise of the clerk to file the general demurrer in time. While counsel knew as a matter of law that the clerk could not be compelled to enter an appearance or to file any pleading without the filing fee first being paid, he also knew that in case the latter did so enter an appearance or file any pleading defendant would not be in default, even though the fee had not been paid. *McGirk* v. *Seventy-Six Cattle Co.,* 38 Ariz. 354, 300 Pac. 181. Such being the case, we think that, if the clerk made such a promise, counsel may be excused for relying on it. It is true the clerk denies making the promise, but the veracity of the two affiants was for the trial judge to determine, and by his action we must presume he found that the attorney told the truth.

The third question is as to the sufficiency of the affidavit of merits. As we have stated above, it is not enough that an affidavit of merits state that defendant has a substantial and meritorious defense; it must also show affirmatively of what the defense

consists. It is evident on examining the affidavit that defendant is attempting to set up as a defense a plea of *res adjudicata*. In some states it is held that the plea of *res adjudicata* may be presented by a defendant under a general denial, and in others that it is not necessary to plead the facts, but merely to set it up as a conclusion of law. We think, however, that for the purpose of setting aside a judgment neither is sufficient in an affidavit of merits. The reason for stating the defense is that the trial court may determine whether the facts which defendant claims he can prove will as a matter of law constitute a defense to plaintiff's complaint. He cannot ascertain this if defendant merely says that the defense is a general denial, or that the issue is *res adjudicata*. Such being the case, we hold that, when the defense is that of *res adjudicata,* the affidavit of merits must show facts which would sustain such a plea, although of course it is not necessary to set forth in full the evidence by which such facts are to be proved. Applying this test to the affidavit in question, it appears clearly that there is nothing therein from which this or the trial court could determine whether the suit mentioned in the affidavit was of such a nature as to be *res adjudicata* as against this one, unless we consider that the allegation "that the said files and records in case number 7307 is made a part of this affidavit" does, as a matter of law, make such record a part of the affidavit.

We have held in this state that, when a pleading is tested by a demurrer as to its sufficiency, an exhibit, such as a contract or the like, attached to the pleading itself, and stated in the body of the pleading to be a part thereof, cannot be considered in determining the sufficiency of the pleading. It is only available for the purpose of enlarging and making

more complete allegations which are legally sufficient in themselves, and which appear in the body of the pleading. *McPherson* v. *Hattich,* 10 Ariz. 104, 85 Pac. 731; *State* v. *Superior Court,* 14 Ariz. 126, 125 Pac. 707; *Greenlee County* v. *Cotey,* 17 Ariz. 542, 155 Pac. 302; *Connor Livestock Co.* v. *Fisher,* 32 Ariz. 80, 57 A. L. R. 196, 255 Pac. 996. If this be true of an exhibit which is actually attached to a pleading, much more is it true when the exhibit does not appear anywhere in the records of the instant case, but is to be found only in the record of some other case, or in another source of information. We hold therefore that, in determining the sufficiency of an affidavit of merits as well as that of any other pleading, it cannot be aided by reference to documents or records which are not a part thereof. Such being the case, the affidavit of merits failed in that it did not set up sufficiently what the alleged meritorious defense consisted of, and the trial court erred in setting aside its default and judgment.

The order of the superior court appealed from is reversed and the cause remanded, with instructions to reinstate the judgment.

McALISTER, C. J., and ROSS, J., concur.