## Sozio v. Poquessing Corp.

*Walter W. Jackson*, for plaintiff.

*William R. Cameron, Jr.*, for defendant.

RUBIN, J., July 11, 1958.—This is a petition to open judgment entered by plaintiff Sozio against defendant corporation on the following instrument:

"$3000.00 July 15, 1955

"One day after date, I promise to Pay to the order of A. Sozio Three thousand and no cents dollars, Without defalcation, value received, with interest.

"And further, ——, do hereby authorize and empower any Attorney of any Court of Record of Penn-

sylvania, or elsewhere, to appear for and to enter Judgment against ———— for the above sum, with or without declaration, with costs of suit, release of errors, without stay of execution, and with — per cent, added for collecting fees, and ———— also waive the right of inquisition on any real estate or personal property that may be levied upon to collect this note, and do hereby voluntary condemn the same, and authorize the Prothonotary to enter upon the Fi. Fa. ———— said voluntary condemnation, and — further agree that said real estate or personal property may be sold on a Fi. Fa., and — hereby waive and release all relief from any and all appraisement, stay or exemption laws of any State, now in force, or hereafter to be passed. Witness ———— hand and seal the day and year aforesaid.

"Witness.

———————————— /s/ Poquessing Corp. (SEAL)

———————————— /s/ Ernest B. Hatch, Jr. (SEAL)

(President & Manager)"

It should be noted that the note is signed by Ernest B. Hatch, Jr., as president and manager of defendant corporation and that the proper corporate seal is lacking. The note was given to pay certain cash advances alleged to have been made by plaintiff to defendant corporation over a period of nine months. The petition and answer sur rule to show cause why the judgment should not be opened and defendant let into a defense raise a number of questions as to the validity of the judgment and the amount due thereunder if valid, but under the view we take of the case we need consider only whether Hatch was properly authorized to confess a judgment on behalf of defendant corporation.

The president of a corporation is not authorized merely by virtue of his office to confess judgment

against the corporation.[1] The right to confess judgment does not come within the power the president of a corporation has, as a general agent of the corporation, to direct and control its business, or where his agency is presumed from the assent of the directors by their consent in permitting him to do this class of acts.[2] The warrant of attorney to confess judgment, the release of errors and the waiver of inquisition, etc., included in the note given by Hatch are not the ordinary acts of the president of a corporation but are extraordinary transactions of a character not usually performed by any officer in the absence of express authority from the board of directors. See Hamborsky v. Magyar Presbyterian Church, supra. The confession of judgment by a corporation is a solemn corporate act binding the corporation to all incidents of an adverse judgment and ought to be accomplished by the proper corporate authority which should clearly appear of record: Bravman Furniture Co. v. M. Raker Co., 40 Lack. Jur. 109.

We find no evidence either in the record or depositions which shows that Hatch was authorized or otherwise had the right, on his own initiative, to confess judgment on behalf of the corporation. We therefore conclude that the judgment should be opened and defendant allowed to defend on the merits. At the trial of the cause the various other questions raised by the petition and answer and depositions can be resolved.

---

[1] 2 Fletcher Cyclopedia Corporations (Perm. Ed.), 769, §619.

[2] Stokes v. New Jersey Pottery Co., 48 N. J. L. 237, cited with approval in Hamborsky v. Magyar Presbyterian Church, 78 Pa. Superior Ct. 519, 524, and followed in Raub v. Blairstown Creamery Assn., 56 N. J. L. 262, 28 Atl. 384. See also Hardiman v. Philadelphia Assn., 2 W. N. C. 440; Livezey v. Qualey, 14 Montg. 205; Dime Bank & Trust Co. v. John T. Porter Co., 37 Lack. Jur. 105.

328

*Order*

And now, to wit, July 11, 1958, it is ordered and decreed that:

1. The rule to shown cause why the within judgment should not be opened and defendant let into a defense be and is hereby made absolute.

2. An issue be framed between plaintiff A. Sozio and defendant Poquessing Corporation to determine the amount, if any, due and owing upon the judgment note involved; such issue to be set up by plaintiff filing a complaint and defendant filing an answer and such other pleadings as may be authorized by Pa. R. C. P. 1001 et seq., to the end that the matter be tried and disposed of as though the actions had been originally commenced in assumpsit. If plaintiff fails to file his complaint within the time herein ordered, defendant may proceed under Pa. R. C. P. 1037(*a*).