SARAH BERNSTIEN AND ABRAHAM BERNSTIEN, PLAINT-
IFFS IN ERROR, V. ISAAC BROWN, DEFENDANT IN
ERROR.

1. **Trial:** NEW TRIAL ON GROUND OF NEGLECT OF ATTORNEY : DIS-
CRETION OF COURT.  On the hearing of a motion in the district
court to vacate a judgment rendered in the absence of the de-
fendants, and grant a new trial on the ground of accident or
surprise which ordinary prudence could not have guarded
against, it was shown by the affidavit of the male defendant that
he had employed B., the firm of S. & D., and F., attorneys, in
the order named, to attend to the case on the part of defendants;
that he went away with the understanding that the last em-
ployed of said attorneys was to attend to the case for defendants,
and that through some misunderstanding on the part of F., said
attorney, said cause was allowed to go by default, *Held*, That in
the absence of an affidavit of said F., showing the facts constitut-
ing such alleged accident or surprise, or a showing why such
affidavit could not be produced, it was not an abuse of discre-
tion on the part of the district court to overrule and deny such
motion.

2. **Affidavit of Merits** should be made by a party to the action
seeking relief by the proceeding in which it is made, and should
state that he had fully, fairly, and truly stated his cause of
action, or ground of defense, to his counsel, naming him, and
that thereupon he had been advised by such counsel that he has
a good and sufficient cause of action or defense on the merits.

ERROR to the district court for Douglas county.  Tried
below before NEVILLE, J.

*Alonzo Jay Hart,* for plaintiffs in error, cited:  2 Kent
Com., 4.  2 Story on Const., 264, 661.  Code of Ne-
braska, Sections 314-316.  Story Eq. Jur., 78.  *Horn v.
Queen,* 5 Nebraska, 472.

*A. N. Ferguson,* for defendant in error.

Cobb, J.

The petition in error in this case alleges that on the sixth day of October, 1886, the defendant in error recovered a judgment against the plaintiffs in error in the district court of Douglas county, for the sum of $96.39 and costs of suit, in an action pending in said court, wherein the defendant herein was plaintiff and the plaintiffs herein were defendants; and that said plaintiffs herein afterwards filed in said suit in the district court a motion for a new trial or to vacate said judgment.

The only error assigned is, that "said court erred in overruling said motion for a new trial or to vacate said judgment." The judgment, as appears from the record, was rendered on the 6th day of October, and the motion to vacate the judgment and for a new trial was made and filed on the 3d day of November. The said motion was founded on affidavits. The affidavit of the defendant, A. M. Bernstien, alleges that he employed C. A. Baldwin, a practicing attorney of said court, to attend and conduct said cause from the start, and before said cause was in the district court, for himself and Mrs. S. Bernstien, and that he paid him; that afterwards and subsequently to the employment of said C. A. Baldwin he employed the firm of Savage & Davis, attorneys of said court, on behalf of himself and said defendant, Mrs. S. Bernstien; that on or about the ... day of ......, 1886, he employed W. S. Felker, an attorney of said city of Omaha, on behalf of said defendants, to look after said cause of action; that he understood that the last employed attorney would look after and attend to said cause of action, and with this understanding affiant was compelled to go to Chicago and attend to some business matters; and that on the ... day of ......, 1886, while he was at Chicago, Ill., through some misunderstanding on the part of W. S. Felker, said cause of action was allowed to go by default and judgment to be taken

against the said defendants; that he is advised by those attorneys and his present attorney, Alonzo Jay Hart, that defendants have a good, lawful, and sufficient defense in said cause of action; that after his return, which was not until after the expiration of the three days allowed by law to file a motion for a new trial, was the first he learned of the judgment obtained against the said defendants; and that he immediately employed Alonzo Jay Hart and W. S. Felker, attorneys of said court, to look after his interest herein; that said default was obtained by the absolute misunderstanding of the attorneys herein named, and that the defendants herein have always been ready and willing to appear in said cause, and relied entirely on the attorneys employed in said cause to inform them of the trial day, which all of said attorneys have failed to do.

There was an affidavit by Mrs. Sarah Bernstien setting up substantially a portion of the same facts stated in the affidavit of A. M. Bernstien, but no other or different facts. Also an affidavit of Alonzo Jay Hart, an attorney of said court, that on or about the 20th day of October, 1886, the said defendants submitted their facts and matters of evidence in the said cause to him, and that investigating the same on his part he found that the said judgment was obtained through the misunderstanding of the attorneys and said defendants, which occurred by said defendants being of foreign race; that said defendants are entirely without fault in said matter, and that they have a good and lawful defense to said action; further that said judgment is contrary to the laws of Nebraska, and works a hardship on the defendant, Mrs. S. Bernstien, who has had no opportunity to be heard in said cause, and that if the court will grant a new trial said affiant verily believes that said cause will be decided in favor of the defendants on the evidence of the plaintiff.

The motion to vacate said judgment and for a new trial was submitted on the said affidavits and was overruled.

The clause of the statute upon which it is supposed that plaintiffs in error rely for a reversal of the judgment denying them a new trial is the third clause of section 314 of the civil code, which reads as follows: " *Third.* Accident or surprise which ordinary prudence could not have guarded against." Therefore our purpose will be to ascertain, if possible, whether the facts in the case at bar bring it within the intent and meaning of the language of said clause.

The affidavit of Mr. Bernstien is, that he first employed Mr. Baldwin from the "start," before said cause was in the district court, and paid him. Although it is not mentioned in the affidavits, it appears from the record that the cause was originally commenced and tried in the county court, and taken by appeal to district court. The language of the affidavit of A. M. Bernstien, taken in connection with the fact of the number of counsel subsequently employed in the case, is susceptible of the construction that Mr. Baldwin was employed in the case while it was in the county court, and paid off, and not relied upon to attend to the case in the district court. There is an assertion in the said affidavit that, on a date not given, the firm of Savage & Davis were employed "to defend and look after our rights in said cause of action." But in what court the case was pending at the time of the employing of Savage & Davis, or whether before or after the rendition of the judgment, does not appear. But it does appear from said affidavit when Mr. Bernstien went to Chicago he relied upon Mr. Felker, "the last employed attorney," to attend to the said cause. Mr. Felker was still one of the defendants' attorneys when the motion to vacate the judgment and for a new trial was made, and signed it as such. Yet he made no affidavit or statement. If it was by reason of accident or surprise on his part that he failed to attend at the trial, a statement thereof should have been laid before the district court upon the hearing of the case. Indeed,

in my view, such affidavit or statement was indispensable to a favorable ruling on the motion.

The question presented by the motion was largely one of discretion; hence the decision of the court below cannot be interfered with here, unless there was an abuse of discretion. We could not hold that there was an abuse of discretion in overruling the motion without an affidavit from each of the attorneys, whose duty it might have been to appear in said cause on the part of the defendants, or some reason given by defendants why such affidavits could not be obtained.

The affidavit of A. M. Bernstien is quite defective as an affidavit of merits, in not stating that he had fully, fairly, and truly stated his defense and the facts and circumstances thereof to his counsel, naming him, and that thereupon he had been advised by him that defendants had a good and sufficient defense to such action on the merits.

The record before us does not contain the pleadings in the case. These were doubtless before the district court, and their consideration, in the absence of a sufficient affidavit of merits on the part of defendants, doubtless had weight with the district court in arriving at its decision.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.