[Civil No. 838.    Filed March 26, 1904.]

[76 Pac. 594.]

## COPPER KING OF ARIZONA, a Corporation, Plaintiff and Appellant, v. PETER JOHNSON et al., Defendants and Appellees.

1. JUDGMENT—DEFAULT—NEW TRIAL—APPEAL—DISCRETION OF TRIAL COURT—REVIEW.—Upon appeal from a denial of a motion rendered in the absence of plaintiff's attorney to set aside a judgment and for a new trial upon the ground of the illness of said attorney, the

appellate court, recognizing that such matters must rest largely in the sound discretion of the trial court, should not disturb its ruling, unless it clearly appears that such discretion has been abused.

2. SAME—SAME—SAME—MOTION—AFFIDAVIT OF MERITS.—An affidavit of merits is a prerequisite to the granting of a motion to set aside a judgment by default and to grant a new trial for absence of counsel when the cause was called for trial, in order that injustice may not be done in granting a new trial where no valid cause of action or defense exists.

3. SAME—SAME—MOTION TO SET ASIDE—AFFIDAVIT OF MERITS—SUFFICIENCY.—When a motion for new trial after judgment by default, in favor of defendants on their cross-complaint, recites that "plaintiff has stated the facts of its case fully and fairly to its counsel and is advised by them that it has a good defense to said actions," and is signed by the attorney of record below and in this court, and attached thereto is an affidavit of the former attorney stating that he is the attorney for plaintiff, that the default was caused by illness and inability to be present at the time set for trial, and "that all the facts stated in the foregoing motion for a new trial are true in substance and fact," such affidavit is not sufficient in that it fails to state that the plaintiff has a substantial and meritorious defense, or in what such defense consists.

4. SAME—SAME—SAME—SAME—SHOULD BE SIGNED BY PARTY.—An affidavit of merits upon a motion to set aside a judgment by default should preferably be made by the moving party, and if made by the attorney a valid reason why it is not made by the party should be stated.

5. SAME—SAME—SAME—SAME—PLEADINGS.—Unverified pleadings from which a court can determine whether a defense is properly pleaded, but from which it cannot determine whether such defense is substantial and meritorious, will not supply the want of a sufficient affidavit of merits.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Cochise. Fletcher M. Doan; Judge. Affirmed.

Affirmed. Memorandum, 195 U. S. 627, 49 L. Ed. 351.

The facts are stated in the opinion.

Ben Goodrich, for Appellant.

Under the rule prevailing in this country, as prescribed both by constitutional and legislative enactment, the policy of the law is to give to every man at least one fair hearing of his

case upon the merits, and where a party brings himself within
the principles of adjudicated cases governing new trials, he is
entitled to a new trial as a matter of right, unless it be ap-
parent that the justice of the case has been attained. *Mitch-
ell* v. *Bass,* 26 Tex. 372.

In *Albright* v. *Warkington,* 31 Kan. 442, 2 Pac. 616, Mr.
Justice Brewer, while on the supreme bench of Kansas, quot-
ing from Justice Maxwell, says the correct rule is as fol-
lows: "The application may be made as a matter of right,
and when a party brings himself clearly within the statute,
the court has no discretion in the matter, but must grant
the application." He adds: "The statute provides, it is
true, that the court must be satisfied, but it also provides that
it is to be satisfied by affidavit, and we can examine the affi-
davit as well as the trial court and determine whether it
was such as ought to have satisfied, and if it ought we must
hold it sufficient." It is also universally held that statutes
of this character are remedial and should be liberally con-
strued. In the case last above cited Judge Brewer says:
"Indeed, to do justice to both parties, the provisions of that
section should be construed in no technical way, but fairly
and reasonably; every party should have his day in court."

In *Harralson* v. *McArthur,* 87 Ga. 478, 13 S. E. 594, 13
L. R. A. 689, the supreme court of Georgia reversed the judg-
ment of the lower court denying a motion for a new trial,
on the ground of the attorney's illness, Justice Lumpkin say-
ing: "This providential cause would have been sufficient
excuse for his absence without any leave of court."

In *Goodhue* v. *Meyers & Co.,* 58 Tex. 405, the supreme court
of Texas granted a new trial, based on the serious illness and
absence from that cause of the defendant's attorney.

To the same effect are: *Callanan* v. *Etna National Bank,*
84 Iowa, 8, 50 N. W. 69; *Southwestern Telegraph etc. Co.* v.
*Jennings,* (Tex. Civ. App.) 51 S. W. 288; *Harvey* v. *Wilson,*
44 Ind. 231; *Chambers* v. *Fisk,* 15 Tex. 335.

It may be said that the affidavit should disclose the facts
constituting the merits of the plaintiff's case, but the affidavit
does state that plaintiff has related the facts of its case fully
and fairly to its counsel, and is advised by them that it has a
good cause of action, and if there were no affidavits, the com-
plaint is before the court for its inspection and judgment, and

does state the facts, and they undoubtedly constitute a good cause of action.

In *Rauer's Law etc. Co.* v. *Gilleran,* 138 Cal. 354, 71 Pac. 445, the court says: "It is not essential that the affidavits of merits should disclose the facts constituting the defense," and, we would add, the merits of the plaintiff's cause.

W. P. Miller, for Appellees.

It is not sufficient to state that the party has a good legal defense; the facts must be stated which show that he has a meritorious defense. *Foster* v̇. *Martin,* 20 Tex. 119; *Cochran* v. *Middleton,* 13 Tex. 275.

An affidavit of merits made by the attorney of plaintiff is merely hearsay and insufficient. *Bailey* v. *Snaffer,* 29 Cal. 425.

KENT, C. J.—On the eighth day of June, 1903, the court below set this case for trial on the seventeenth day of June, and gave notice to the agent of the plaintiff and to the plaintiff's attorney of such setting. It appears that on the seventeenth day of June, and for a long time prior thereto, such attorney had been ill and unable to attend upon the court; and of this the agent of the plaintiff had knowledge. It also appears that such attorney believed, from statements made to him by a former attorney in the case, that the condition of the calendar was such that the case could not be reached for trial on the day set, and that the attorney had no one in attendance upon the court on said day to represent him. The case was, however, reached on the calendar that day, and was called for trial. No one appearing for the plaintiff, the defendants, insisting upon an immediate trial, upon the testimony introduced by them, obtained an affirmative judgment against the plaintiff on their cross-complaint. The plaintiff moved to set aside the judgment and for a new trial, and, the motion being denied, appeals to this court, and assigns as error the denial of such motion on the ground set forth in such motion, "to wit, the severe illness and inability of its attorney to attend said trial."

Upon the facts as they are before us, if nothing more appeared in the record, we are inclined to think that there was

sufficient reason shown to justify the trial court in giving the plaintiff its day in court, and granting to it a new trial. Upon the facts alone, however, which we do not think it necessary to set forth *in extenso*, we doubt if we should be justified in saying that the action of the trial court in denying the motion for a new trial should be set aside. Circumstances often surround the setting and trial of a case, properly cognizable by the trial judge, which may not always appear in the record, and which may properly have an influence in the determination of a motion of this character. The appellate court should, therefore, in its review of such action, recognize that such matters must rest largely in the sound discretion of the trial court, and upon such review should not disturb such action and the exercise of such discretion unless it clearly appears that such discretion has been abused. It does not so clearly appear in this case.

There exists, however, another reason for sustaining the action of the trial court, in that the appellant has not brought itself within the well-settled requirements of law upon a motion to set aside a judgment regularly entered upon default. No sufficient affidavit of merits was filed upon the motion. Such an affidavit in such a case is a prerequisite to the granting of a motion to set aside a judgment, and is required in order that injustice may not be done in granting a new trial where no valid cause of action or defense exists. In the motion itself as set forth in the abstract, it is recited, among other things, that "plaintiff has stated the facts of its case fully and fairly to its counsel, and is advised by them that it has a good defense to said action." This motion is signed by the attorney above referred to, and by its present counsel in this court. Attached thereto is an affidavit of such former attorney, which states that he is the attorney for the plaintiff; states his connection with the case, and his illness at and prior to the trial; and which also states "that all the facts stated in the foregoing motion for a new trial are true, in substance and fact." Such a statement, so sworn to, is not a sufficient affidavit of merits. Such affidavit should preferably be made by the party. If made by the attorney, a valid reason why it is not made by the party should be

stated. The affidavit should state of what the defense consists, that the court may determine whether or not the defense is substantial and meritorious. The affidavit before us not only fails to set forth such facts, but, tested by the more liberal rule of practice in force in some jurisdictions, under which an affidavit of merits is held sufficient which does not state of what the defense consists, it falls far short of the essential requirements under such practice, in that it does not state what officer or agent on behalf of the plaintiff corporation made the statement of its case to counsel. It does not state that the party has a good and substantial defense upon the merits, nor does it state the belief of the counsel that the party has such defense. In any aspect, therefore, the affidavit is clearly insufficient. Ency. of Plead. & Prac. 371; *Bernstein* v. *Brown*, 23 Neb. 64, 36 N. W. 359; *Griel* v. *Buckius*, 114 Pa. 187, 6 Atl. 153; *Stilson* v. *Rankin*, 40 Wis. 527; *Pinger* v. *Vanclick*, 36 Wis. 141; *Hitchcock* v. *Herzer*, 90 Ill. 543; *Bailey* v. *Taaffe*, 29 Cal. 422; *Rauer's Co.* v. *Gilleran*, 138 Cal. 352, 71 Pac. 445; *Holland Bank* v. *Lieuallen*, (Idaho) 53 Pac. 398; *Foster* v. *Martin*, 20 Tex. 119; *Treftz* v. *Stahl*, 46 Ill. App. 462, 18 L. R. A. 500.

In the absence of a proper affidavit showing that the plaintiff's defense to the cross-complaint was substantial and meritorious, the motion for a new trial was properly denied. It is not enough, as suggested by appellant's counsel, that we have the pleading of the plaintiff before us, and can determine therefrom these facts for ourselves. In this case they are not even duly verified, nor can we determine from them whether the defense is meritorious. From a pleading the court can determine whether a defense is properly pleaded, but, as a general rule, it cannot determine whether such defense is in fact substantial and meritorious. This is the purpose of the affidavit of merits. Such affidavit, in proper form, should be required by a trial court before setting aside a judgment regularly obtained on default; and, in its absence, we will not disturb a ruling of such court denying a motion to set aside such judgment.

The judgment of the district court is affirmed.

SLOAN, J., and DAVIS, J., concur.