[Civil No. 2264.  Filed March 27, 1925.]

[234 Pac. 828.]

## SECURITY TRUST AND SAVINGS BANK, a Corporation, Appellant, v. A. A. MOSELEY, Appellee.

1. JUDGMENT—MOTION TO SET ASIDE DEFAULT JUDGMENT MUST BE SUPPORTED BY AN AFFIDAVIT OF MERITS.—Motion to set aside a judgment by default and grant a new trial, when defendant has been served and neglected to respond, must be supported by an affidavit of merits which shows on its face that defendant has substantial and meritorious defense and of what it consists.

2. PROCESS—DEFENDANT'S SHOWING ON MOTION TO SET ASIDE JUDGMENT HELD INSUFFICIENT TO ATTACK VERITY OF SHERIFF'S RETURN.—On defendant's motion to set aside a default judgment and grant a new trial, where sheriff's return showed that defendant was served with summons May 8th, defendant's statement, that he was "under belief, and yet believed," he was not served until the eleventh day of May, is insufficient to cause return to be set aside or to attack its verity.

---

1.   See 15 R. C. L. 717.

3. JUDGMENT—AFFIDAVIT ON MOTION TO SET ASIDE DEFAULT JUDG-
MENT AND FOR NEW TRIAL HELD NOT TO SET UP MERITORIOUS
DEFENSE.—On motion to set aside default judgment and to grant
new trial, affidavit of merits, stating that note sued on was part
of another contract, but not setting up such contract or showing
that anything therein would be inconsistent with judgment
rendered or would in any manner affect result of new trial, *held*
not to show a meritorious defense.

4. JUDGMENT—SETTING ASIDE JUDGMENT AND GRANTING NEW TRIAL,
WHERE DEFENDANT IN DEFAULT BY OWN NEGLECT DID NOT SET UP
MERITORIOUS DEFENSE, HELD AN ABUSE OF DISCRETION.—Though
the grant or refusal of a new trial is discretionary, it is a
judicial discretion to be exercised according to law; and where
defendant is in default by his own neglect, and his affidavit
failed utterly to set up any meritorious defense, it is an abuse
of discretion to set aside judgment and grant new trial.

See (1) 34 C. J., p. 329, § 550.  (2) 32 Cyc., p. 516.  (3) 34 C. J.,
pp. 335, 336, § 551.  (4) 34 C. J., p. 329, §§ 549, 550.

APPEAL from a judgment of the Superior Court
of the County of Yuma. F. L. Ingraham, Judge.
Order setting aside judgment reversed.

Mr. A. J. Eddy, for Appellant.

Mr. William H. Westover, for Appellee.

LOCKWOOD, J.—Security Trust & Savings Bank,
a corporation, hereinafter called plaintiff, brought
suit against A. A. Moseley, hereinafter called de-
fendant, for a balance of $846.66 due on a promis-
sory note, with interest and attorney's fees. The
complaint was filed May 2, 1923, and the summons
personally served on defendant in Yuma county,
on May 8th. On May 29th a default was duly
entered against him, which he moved to set aside
on May 31st. This motion was denied June 2d,
and on June 7th, after proof made before the court,
a judgment was duly rendered and filed in favor of
plaintiff. On the 26th of October, defendant with-

3.  See 15 R. C. L. 718.

out leave of court moved to set aside the judgment and to allow him to answer. Plaintiff objected to defendant's motion, and asked that it be stricken from the files. On November 1st the court denied the motion to strike, but granted the motion to set aside the judgment and allowed defendant five days to answer, on condition that the latter pay the costs to that time, amounting to $18.60. It is from this last order that the plaintiff appeals.

Defendant objected to a consideration of the appeal, on the ground it does not appear he has complied with the condition of the order. The record shows, however, that he has done so.

Plaintiff sets up a number of alleged errors, but we need consider only the alleged insufficiency of the affidavit of merits.

A motion to set aside a judgment by default and to grant a new trial, when defendant has been served and has neglected to respond to such service and is in default by his own neglect, must be supported by an affidavit of merits, which shows on its face that defendant has a substantial and meritorious defense, and of what it consists. *Copper King of Arizona* y. *Johnson,* 9 Ariz. 67, 76 Pac. 594; *Gila Valley, etc.,* v. *Arizona T. & S. Bank,* 25 Ariz. 177, 215 Pac. 159.

The sheriff's return shows that defendant was served with summons May 8, 1923, in Yuma county, and that default was entered May 29, 1923. Defendant does not attempt to have the return set aside because it is untrue, but merely says "he was under the belief, and yet believes, he was not served until the eleventh day of May." This, of course, is utterly insufficient to cause the return to be set aside, or to attack its verity. *National Metals Co.* v. *Greene etc. Co.,* 9 Ariz. 192, 80 Pac. 397.

Does the affidavit comply with the law so far as showing a meritorious defense? Defendant sets up

in effect on that point that the note in question was part of another contract, which states how the note should be paid, and that his attorney has informed him he has a good defense to the action. Nowhere, however, does he set up the contract of which he says the note was a part, either literally or in substance; nor does he say, even as a conclusion of law, there is anything in the contract which would be inconsistent with the judgment rendered herein, or would in any manner affect the result on a new trial. Such a showing sets up no defense at all. As was said in *Copper King of Arizona* v. *Johnson, supra:*

"The affidavit should state of what the defense consists, that the court may determine whether or not the defense is substantial and meritorious."

It is true that the granting or refusal of a new trial is discretionary with the trial court. *Arizona Mutual Auto Ins. Co.* v. *Bisbee Auto Co.*, 22 Ariz. 378, 197 Pac. 980. This is, however, a judicial discretion, to be exercised according to law, and where the defendant is in default by his own neglect, and fails utterly to set up any meritorious defense, it is an abuse of discretion to set aside the judgment and grant a new trial.

The order appealed from is reversed and the case remanded for proceedings not inconsistent with this opinion.

McALISTER, C. J., and ROSS, J., concur.