477 P.2d 271

Daniel T. FRIDENA, Jr., Appellant,

v.

Charles W. KEPPEN and Ruth C. Keppen, his wife, Appellees.

No. 1 CA-CIV 1182.

Court of Appeals of Arizona, Division 1, Department A.

Dec. 2, 1970.

Rehearing Denied Dec. 24, 1970.

Review Denied Feb. 2, 1971.

**398**

———◆———

Miller & Haggerty by Philip M. Haggerty, Phoenix, for appellant.

Moore, Romley, Kaplan, Robbins & Green by Craig R. Kepner, Phoenix, for appellees.

CAMERON, Judge.

This is an appeal from the order of the trial court denying the motion of the defendant, Daniel T. Fridena, Jr., D. O., to set aside a default in a medical malpractice action.

We are called upon to determine whether the trial court abused its discretion in refusing to set aside the entry of default.

The facts necessary for a determination of this matter are as follows. A complaint was filed 14 August 1967 alleging that the defendant, Daniel T. Fridena, Jr., D. O., was guilty of actionable negligence in treating the plaintiff, Charles W. Keppen. After various motions and pleadings including an answer and counterclaim for slander, the deposition of Dr. Fridena was noticed for 25 September 1968 at 10:30 a. m. A copy of said notice was sent to Dr. Fridena's attorney. On the said day, Dr. Fridena failed to appear due to, as is contended by Dr. Fridena, the necessity of treating his patients. Plaintiffs moved to strike defendant's answer and for attorney's fees and entry of default because of the failure of Dr. Fridena to appear at the taking of the deposition. This was heard and on 30 October 1968 plaintiffs' motion to strike the answer was denied and plaintiffs were allowed costs and $75 in attorney's fees with

the statement, "Counsel is to advise the Court as to the next scheduled time for deposition of the defendant." Although the file does not reflect any such notice, the deposition of Dr. Fridena is included in this file, evidently having been taken on 6 November 1968.

On 21 November 1968, Dr. Fridena's attorney moved to be relieved as attorney of record. The motion was shown as "delivered" to Dr. Fridena on 21 November 1968 and the date of hearing the motion was noticed for 25 November 1968 at 1:30 p. m. This motion was granted on 25 November 1968, the minute entry order reading:

"IT IS * * * FURTHER ORDERED directing Defendants to secure other counsel in sufficient time to be prepared for trial of this cause on February 11, 1969 at 9:30 A. M., Division 8."

The file does not reflect that this minute entry was mailed to Dr. Fridena or that Dr. Fridena was present. On 12 December 1968, the plaintiffs' attorneys caused to be filed written interrogatories to the defendant numbering some 238. The certificate of mailing shows that they were mailed to Dr. and Mrs. Daniel T. Fridena, Jr., 7032 North 3rd Avenue, Phoenix, Arizona. The file reflects that Dr. and Mrs. Daniel T. Fridena, Jr., lived at 7030 North 3rd Avenue, Phoenix, Arizona, rather than 7032 North 3rd Avenue. On 29 January 1969, the plaintiffs moved the court for an order striking defendant's answer for the willful failure of the defendant to answer interrogatories propounded by the plaintiffs and for entry of attorney's fees. At this time the defendant, Fridena, still had not obtained the services of an attorney. This motion was accompanied by the affidavit of Leslie E. Godare, who after first stating that he was a staff investigator for the attorneys for the plaintiffs, stated:

"* * * [B]eginning on January 4, 1969, he made attempts to hand deliver interrogatories to the defendant at his residence at 7030 North Third Avenue, Phoenix, Arizona, and the Phoenix Com-

munity Hospital at 6501 North 19th Avenue, Phoenix, Arizona; and that he was unsuccessful in his lengthy and numerous attempts to hand deliver said interrogatories until January 8, 1969 when said interrogatories were handed personally to Mrs. Daniel T. Fridena, Jr. at 7030 North Third Avenue, Phoenix, Arizona."

Also attached to the motion was the affidavit of Nancy Cole "[t]hat she personally handed the defendant Daniel T. Fridena, Jr. a copy of plaintiffs' Motion to Strike Defendant's Answer, For Entry of Default, For Dismissal of Defendant's Counterclaim and For Attorneys' Fees in the Superior Court of Arizona, Maricopa County, Cause Number 203270, on January 27, 1969 in Phoenix, Arizona." A copy of this was also shown mailed to Daniel T. Fridena, Jr., 7030 North 3rd Avenue, Phoenix, Arizona.

On 30 January 1969, in Division 7, Judge Chatwin set the time for hearing oral argument on plaintiffs' motion for 4 February 1969, in Division 7.

On that date the court granted plaintiffs' motion to strike defendant's answer, for entry of default judgment, for dismissal of defendant's counterclaim and for attorney's fees and ordered setting time for hearing on the default and reasonableness of attorney's fees on 11 February 1969 in Division 7. On 14 March, a judgment was signed granting plaintiffs $35,000, attorney's fees in the amount of $250 for "the wilful failure of the defendant Daniel T. Fridena, Jr., to appear for his deposition pursuant to notice," plus costs and interest thereon.

Writs of garnishment were issued on the assets of the defendant, and on 8 April, defendant having again reemployed his first attorney, moved through him to set aside the judgment against the defendant. This was defendant's first appearance either in person or by pleading since his counsel moved to be relieved on 21 November 1968. The motion recites that the defendant, Dr. Fridena, had attempted to obtain the services of an attorney and failed to do so because of financial grounds. The affida-

vit of Dr. Fridena attached thereto recites that after the court allowed his attorney to withdraw he attempted to hire another attorney and that the defendant was unaware of the trial date set by the court, and that he searched the mail for notice thereof, and that:

"[B]ased on the foregoing and also on the defendant's knowledge he received no notice of the said trial date."

Defendant also alleged a meritorious defense, and "[t]hat the [defendant's] first notice that the default trial had been held was when defendant's medical business automobile a 1967 Cadillac El Dorado was being executed upon under a judgment which this answering defendant had no notice of, or an opportunity to object as to form." The testimony of Dr. Fridena was not offered at the hearing on the motion to set aside the default. Order for final judgment was signed 25 June 1969. Although the affidavit of Dr. Fridena claims that he did not know of the trial date, he does not deny receiving any of the notices or pleadings and does not indicate steps taken by him to respond to the motions and notices he received. It should be noted that both Dr. Fridena, Jr., and his former attorney are now deceased.

We will assume for the purposes of this appeal that there was a meritorious defense. We, therefore, have only to consider whether the defendant has shown excusable neglect. Rule 55(c), Rules of Civil Procedure, 16 A.R.S., states as follows:

"55(c) *Setting aside default.* For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60 (c)."

Rule 60(c) states:

"60(c) *Mistakes; inadvertence; surprise; excusable neglect.* On motion and upon such terms as are just, the court may relieve a party or his legal representative from a judgment, order, or pro-

**400**

ceeding taken against him through his mistake, inadventence, surprise, or excusable neglect. The motion shall be made within a reasonable time, but in no case exceeding six months after such judgment, order, or proceeding was taken. A motion under this subdivision does not affect the finality of a judgment or suspend its operation. This Rule does not limit the power of a court to entertain an action to relieve a party from a judgment, order, or proceeding, or to set aside within one year a judgment obtained against a defendant not actually personally notified."

We have reviewed the file. The only thing that Dr. Fridena, by affidavit, points out to the Court is the fact that he did not know the date of the trial. Knowledge of all other hearings must therefore be presumed. We are not persuaded by the file before us which was the only evidence before the trial court that the mistake, inadvertence, surprise, or excusable neglect is such that the trial court should be required to set aside the default and we are not persuaded on appeal that the facts as presented to us compel us to set aside the decision of the trial court as being an abuse of the trial court's discretion:

"In other words, in order to uphold the sanctity of judgments, we require one seeking to open a default judgment to present a good excuse for having failed to appear and defend." Camacho v. Gardner, 104 Ariz. 555, 559, 456 P.2d 925, 929 (1969).

And:

"This Court, on numerous occasions, has held that the grant or denial of such motions ' * * * is within the sound discretion of the trial court and its action will not be disturbed by this court except for a clear abuse of discretion. * * * ' " In re Cohen's Estate, 105 Ariz. 337, 340, 464 P.2d 620, 623 (1970).

Judgment affirmed.

DONOFRIO, J., and STEVENS, J., concur.