489 P.2d 265

Christine FRIDENA, Successor to Robert G. Begam, Executor of the Estate of Daniel T. Fridena, Jr., Appellant.

v.

Dean H. PALMER and Mildred T. Palmer, his wife, Appellees.

No. 10440.

Supreme Court of Arizona, In Division.

Oct. 5, 1971.

Rehearing Denied Nov. 4, 1971.

Miller & Haggerty, by Philip M. Haggerty, Phoenix, for appellant.

Udall, Shumway & Blackhurst, by Dale R. Shumway, Mesa, Snell & Wilmer, by Mark Wilmer, Phoenix, for appellees.

CAMERON, Justice.

This is an appeal from an order of the trial court refusing to grant the motion of the defendant-appellant, Daniel T. Fridena, Jr., D.O., to set aside a default and default judgment.

We are called upon to determine:

1. Whether the court had jurisdiction by reason of service of process, and

2. whether the court abused its discretion in failing to set aside the default and judgment.

On 12 April 1968, plaintiff, Dean H. Palmer, filed a medical malpractice suit naming Daniel T. Fridena, Jr., D.O., along with A. L. Armstrong, D.O. and Physicians and Surgeons Hospital, Inc., as defendants. Return of service was filed on 4 September accompanied by an unnotarized affidavit of service stating that the defendant was personally served with a true copy of the summons and complaint at his usual place of abode on the 30th day of August, 1968, at 1:20 AM. The affidavits of service of the other defendants were properly notarized. On 20 September, 21 days after service and exclusive of the day of service, an affidavit of default was filed and default was entered pursuant to Rule 55, Rules of Civil Procedure, 16 A.R.S. At the hearing, held on 4 October, evidence substantiating the claim and the resultant damage was received and the matter was taken under advisement.

On 10 October 1968, the defendant filed a motion to set aside the default. The motion stated:

"COMES NOW DANIEL T. FRIDENA, JR., and shows this Court that a default has been entered against him on plaintiffs' Complaint, which default the defendant, DANIEL T. FRIDENA, JR. learned about at approximately 5:30 o'clock P.M. on October 9, 1968. Before that time the said defendant, DANIEL T. FRIDENA, JR. was unaware that he had been served in said action but, on the other hand, the PHYSICIANS & SURGEONS HOSPITAL,

also a defendant, has been served and the said DANIEL T. FRIDENA, JR., one of the largest shareholders of said PHYSICANS & SURGEONS HOSPITAL, was helping in the preparation of the defense of the plaintiffs' case against the hospital and, had the said DANIEL T. FRIDENA, JR. known that he had been served he surely would have prepared for his own defense."

At 11:02 of the following day (11 October 1968), formal written judgment was filed awarding damages to the plaintiff in the amount of $142,559.12. Thereafter, at 4:31 PM of that same day, the defendant filed another motion to set aside the default. He filed therewith his answer and affidavit of merit claiming he had not been served. A hearing was held and the motion denied.

## DID THE COURT HAVE JURISDICTION?

■ Rule 4(g) of the Rules of Civil Procedure, 16 A.R.S., reads as follows:

"4(g). Return. When the process is served by a sheriff or his deputy, the return shall be officially endorsed on or attached thereto and returned to the court promptly. If served by a person other than the sheriff or his deputy, return and proof of such service shall be made promptly by affidavit thereof. In either event such return shall be made within the time during which the person served must respond to process. *Failure to make proof of service does not affect the validity thereof.*" (Emphasis added.)

It is, then, not the return but the fact of service that gives the court jurisdiction. The return is merely evidence by which the court may be informed that the defendant has been served. Safeway Stores, Inc. v. Ramirez, 99 Ariz. 372, 409 P.2d 292 (1965).

■ Ira John Bernstein, the private process server, testified that he accomplished personal service on the defendant at his usual place of abode at 1:20 AM on 30 August, as his return of service indicated. He testified that the following transpired:

"Q What happened?

"A He came out of his car, fumbled for his key, unlocked the door and I got him just as he unlocked the door.

"Q What do you mean?

"A I served him then.

"Q What did you do?

"A 'Dr. Fridena, this is a Summons being served to you.'

"Q Did you hand him this?

"A He wouldn't take it and I threw it inside the crack of the door and he threw it out.

\* \* \* \* \* \*

"Q Did his wife go in the door before he did?

"A No, she stayed out.

"Q Did you talk with her afterwards?

"A No, she picked the paper up."

Mr. Ira John Bernstein was not alone on the morning of service. Two other process servers, Earl Ring and Thomas L. Bernstein, were present. Earl Ring was there to serve papers in another matter—Robles v. Morris. Mr. Ring corroborated the time and place of service as well as the identity of Dr. Fridena whom he had served several times before. His testimony was as follows:

"Q Did you hear Mr. Bernstein say anything to the doctor?

"A Yes, Mr. Bernstein said he had a summons for Dr. Fridena. It was to the effect—I can't recall the exact words. It was to the effect that, 'I have a summons for you, Dr. Fridena.' And the doctor was about to close the door and Mr. Bernstein dropped it at the door.

"Q Is it possible it went in the door too?

"A Possible. I didn't really pay that much attention. Mine was laying on the carport."

Thomas L. Bernstein, accompanying his father on service, testified as follows:

"Q  You were blocking Mr. Ring's car?

"A  Yes.  We moved back a little ways and he went out first, and after —let's see.  He pulled around, at sort of an angle, and headed back to Glendale Avenue, and I saw Mrs. Fridena bend down and pick up the papers that were served."

We find ample evidence from which the court could find that Dr. Fridena was personally served and therefore we hold the court had jurisdiction of the matter.  See 82 A.L.R.2d 668.

## SHOULD THE COURT HAVE SET ASIDE THE DEFAULT AND JUDGMENT?

The defendant urged no grounds which could conceivably be categorized, under Rule 60(c), Rules of Civil Procedure, 16 A.R.S., as mistake, inadvertence, surprise or excusable neglect.  Rather, the sole basis for relief urged upon the court was that Dr. Fridena simply had never been served with a summons and complaint in the matter or for that matter had any knowledge of the lawsuit.

The affidavit of Dr. Fridena submitted that "in every instance in which he has been personally served with legal papers he had complied therewith", and similarly that "he is knowledgeable about court procedures" and that "he would have made immediate arrangements for defense" had he been served.  The evidence showed that Attorney Frank Lewis, statutory agent for one of the co-defendants, Physicians & Surgeons Hospital, Inc., dba Phoenix Community Hospital, was duly served in this action.  He mailed a copy of the summons and complaint to the defendant, the majority shareholder of the corporation, for forwarding to the insurance carrier.  The complaint clearly carries, as the first named defendant, the name of Daniel T. Fridena, Jr., D.O. The defendant acknowledges that he knew of and assisted in preparation of the hospital's defense, nonetheless, he denied knowing that he was a defendant and failed to take personal defense action until 20 days after receipt thereof.

"We have repeatedly held an application to open, vacate or set aside a judgment is within the sound discretion of the trial court and its action will not be disturbed by this court except for a clear abuse of discretion." Eldridge v. Jagger, 83 Ariz. 150, 152, 317 P.2d 942, 944 (1957).  See also Marsh v. Riskas, 73 Ariz. 7, 236 P.2d 746 (1951); Thomas v. Goettl Bros. Metal Products, 76 Ariz. 54, 258 P.2d 816 (1953); Brown v. Beck, 64 Ariz. 299, 169 P.2d 855 (1946).

The trial court was in a position to hear the testimony of the witnesses and to observe their demeanor in testifying as to conflicting facts.  See Fridena v. Keppen, 13 Ariz.App. 397, 477 P.2d 271 (1970); Arizona Osteopathic Medical Association v. Fridena, 105 Ariz. 291, 463 P.2d 825 (1970).  In such a case, we will not substitute our opinion for that of the trial court.  The motion was denied, and we find that denial to be supported by substantial evidence.

Judgment affirmed.

HAYS, V. C. J., and LOCKWOOD, J., concur.