569 P.2d 851

Max BRANDT and Janice Brandt, husband and wife, Appellants,

v.

DAMAN TRAILER SALES, INC., an Arizona Corporation, Joe Daman and Ann Daman, Individually, Appellees.

No. 2 CA–CIV 2289.

Court of Appeals of Arizona, Division 2.

June 10, 1977.

Rehearing Denied July 28, 1977.

Review Denied Sept. 22, 1977.

Legal Aid Society by John G. Balentine, Tucson, for appellants.

Quigley & Quigley, P. C. by James E. Quigley, Tucson, for appellees.

## OPINION

HOWARD, Chief Judge.

The issue to be decided is whether the trial court erred in setting aside the entry

of default and default judgment against appellees. Appellants filed a complaint in the superior court against appellees and the Skyline Corporation which is not a party to this appeal. The complaint alleged, *inter alia*, that the defendants made false and fraudulent statements concerning the newness of a trailer which appellants had purchased; that there was a failure of consideration; and a violation by appellee Daman Sales Inc. of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* Skyline Corporation filed a timely answer but appellees did not. On November 10, 1975, appellants filed an affidavit of default requesting that default be entered against appellee Daman Trailer Sales, Inc. and Joe Daman, individually. The clerk of the court entered a default of "the defendant" but the names of the defendants were not set forth in her entry of default. On November 26, 1975, the default of appellee Jane Doe Daman (Ann Daman) was entered by the clerk of the court and on that day a default judgment hearing was held by the court commissioner. After the hearing the court commissioner made the following minute entry:

> ". . . [J]udgment be entered against Joe and Ann Daman and Daman Trailer Sales, Inc., jointly and severally, upon the filing of a New Affidavit of Service showing specifically that Joe Daman was served individually and as a receiver of Daman Trailer Sales, Inc. . . ."

Subsequently, and on the same day, Sgt. Huff of the Pima County Sheriff's Office, filed an amended copy of a sheriff's return of service which certified on behalf of L. B. Shusta, deputy sheriff, that the summons and complaint in this action were received on October 14, 1975; that Joe Daman was personally served for himself and for Daman Trailer Sales, Inc., at 4:30 p.m. on October 17, 1975, and Ann Daman was served at 8:12 a.m. on October 24, 1975. The court commissioner then signed a formal judgment against the appellees in the sum of $11,154.48 for compensatory and punitive damages.

Forty-seven days later appellees filed a motion to vacate the default and default judgment accompanied by an affidavit of Joseph Daman and an unverified answer which asserted various affirmative defenses.

The grounds for appellees' motion to vacate were: (1) The entry of default and judgment were the result of mistake, inadvertence, surprise or excusable neglect; (2) the entry of default forms were not properly completed and the clerk of the court did not cause a default to be entered against any of the named defendants as required by Rule 55(a) of the Rules of Civil Procedure; and (3) the November 26, 1975 minute entry of the court was not complied with by the plaintiffs because the new affidavit of service was not filed by the person who purportedly served process, L. B. Shusta, but was a mere statement by Sgt. Huff for L. B. Shusta and the facts contained in said statement were incorrect on its face.

After a hearing on the appellees' motion the court set aside the entry of default and default judgment.

■ After examining each of the grounds asserted by appellees in their motion to vacate, we are of the opinion that the trial court erred. We need not decide whether the clerk of the court properly entered a judgment when it failed to state the names of the defendants in its entry of default. A valid judgment by default may be rendered by the court though no formal default has been entered since the only purpose of a default is to limit the time during which the defendant may file his answer and that time never extends beyond a trial and judgment. *Herman v. Santee*, 103 Cal. 519, 37 P. 509 (1894). Nor do we find the judgment rendered by the court commissioner to be defective. Appellees did not contend that they were not properly served with process. Rather they attacked the returns of service. This attack is of no avail. It is not the return but the fact of service which gives the court jurisdiction. The return is merely evidence by which the court may be informed that the defendant has been served. *Fridena v. Palmer*, 107 Ariz. 455, 489 P.2d 265 (1971). The alleged incorrect facts contained in the new affida-

vit filed by Sgt. Huff relate to the address at which appellee Ann Daman was served. Since she does not contend that she was not properly served with process the foregoing rules apply.

■ The affidavit of Joseph Daman filed in support of the motion to vacate states that since there was an indemnification agreement between himself and Skyline Corporation he contacted the manager of Skyline Corporation advising him that he had been served, and, pursuant to the telephone conversation he believed that Skyline Corporation would handle all matters regarding the lawsuit. An affidavit of the manager of Skyline Corporation stated that he was contacted by Mr. Daman concerning various business matters and that Mr. Daman casually remarked that he had been served with a complaint. The manager understood and assumed that Mr. Daman would see to it that the summons and complaint would be delivered to Skyline's legal department so that it could answer the same and it was his further understanding that Mr. Daman was taking such action. Mr. Daman did not do so. Assuming arguendo, that the affidavits show excusable neglect, mistake or inadvertence on the part of appellees, there still must be a proper showing of a meritorious defense. Appellees' untimely and unverified answer cannot suffice. *Marsh v. Riskas*, 73 Ariz. 7, 236 P.2d 746 (1951). Appellees contend that at the hearing on the motion to vacate the trial court and appellants' attorney accepted an avowal from Joe Daman that the statements contained in appellees' answer were true. Appellants' attorney disputes that such an avowal was made and the record before us does not indicate any such avowal. We are bound by the record and cannot go beyond it.

■ Appellees also rely on the affidavit of the attorney for Skyline Corporation as showing a meritorious defense. This affidavit asserts certain facts and, as amended, concludes that it is a true and correct statement of the facts. An affidavit of an attorney will not suffice as an affidavit of meritorious defense. *Copper King of Arizona v.*

*Johnson*, 9 Ariz. 67, 76 P. 594 (1904); *Huff v. Flynn*, 48 Ariz. 175, 60 P.2d 931 (1936).

The affidavit of the manager of Skyline Corporation stated:

"That any defects which might have existed in the mobile home in question were not such as to substantially impair the value and SKYLINE had offered to repair any defects complained of by Mr. and Mrs. Brandt which were reasonably related to manufacturing of the mobile home and that a time was set up whereby the factory representatives were to complete the work and they were prevented from doing so by plaintiffs who refused to allow the SKYLINE CORPORATION an opportunity to correct any of the reasonably related defects due to the manufacturing by SKYLINE and SKYLINE has a meritorious defense to the action of the BRANDT'S."

Appellees claim that this affidavit shows a meritorious defense as far as they are concerned since under A.R.S. § 44–2371 a purchaser of a product may not rescind or revoke a purchase agreement upon the basis of defective merchandise unless the defect or damage is such as to substantially impair its value.

■ We do not believe that the portion of the affidavit which we have cited shows a meritorious defense to appellants' allegations that they were told that the house trailer was a new mobile home when in truth and in fact it was not but had been used as a demonstrator for approximately six months.

The order vacating the entry of default and the default judgment is set aside with directions to reinstate the default judgment.

HATHAWAY and RICHMOND, JJ., concur.