NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

THOMAS RESTORATION, LLC, *Plaintiff/Appellee,*

*v.*

JOSHUA PETERS, *Defendant/Appellant.*

No. 1 CA-CV 24-0116

FILED 11-26-2024

Appeal from the Superior Court in Maricopa County
No. CV2023-005870
The Honorable Mary Collins Cronin, Judge, *Pro Tempore*

**AFFIRMED**

COUNSEL

Stone Canyon Law PLC, Tempe
By Ryan D. Bailey, Richard Noel (argued)
*Counsel for Plaintiff/Appellee*

Jennings Haug Keleher McLeod Waterfall LLP, Phoenix
By Michael H. Orcutt, Joseph A. Brophy (argued)
*Counsel for Defendant/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Brian Y. Furuya delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge David D. Weinzweig joined.

---

**F U R U Y A**, Judge:

¶1          Joshua Peters appeals the default judgment entered against him in favor of Thomas Restoration, LLC ("Thomas") and the superior court's denial of his motion to set aside the entry of default. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2          Thomas sued Peters in April 2023 for breach of contract, breach of the covenant of good faith and fair dealing, and unjust enrichment stemming from unpaid invoices for mitigation and restoration services.

¶3          After difficulty serving Peters, Thomas moved for an order directing alternative service by mail and by affixing a copy of the pleadings to Peters' property in Phoenix, which the superior court granted. A process server filed a declaration of service stating service had been accomplished on October 23, 2023, by posting the pleadings and the order granting alternative service in a conspicuous place on the property. Peters did not file a responsive pleading within twenty days from the date of service. Ariz. R. Civ. P. 12(a)(1)(A)(i).

¶4          Thomas applied for entry of default on November 14, 2023. The application included the declaration of service and photographs of the posting.

¶5          Peters entered a notice of appearance on November 27, 2023, and, pursuant to an agreement with Thomas, filed a stipulation to extend the responsive-pleading deadline to December 1, 2023. The court entered an order extending the deadline as stipulated. Under Arizona Rule of Civil Procedure ("Rule") 55(a)(4), the default became effective on November 28, 2023.

¶6          On December 1, 2023, Thomas granted Peters five more days to file a responsive pleading. Peters failed to comply by the second extension date.

**¶7**          Thomas moved for default judgment on December 12, 2023, and Peters moved to set aside the entry of default a week later. The court entered default judgment on December 26, 2023. The court treated the motion to set aside the entry of default as one to set aside the default judgment and denied the motion.

**¶8**          We have jurisdiction over this appeal under A.R.S. § 12-2101(A)(1) and (A)(2). *See Hirsch v. Nat'l Van Lines, Inc.*, 136 Ariz. 304, 311 (1983) (noting an appeal from a default judgment is permissible when the default was not authorized by Rule 55 or when there are questions regarding personal jurisdiction); *Bateman v. McDonald*, 94 Ariz. 327, 329 (1963) (denial of motion to set aside default judgment "is appealable as a 'special order made after final judgment'") (quoting A.R.S. § 12-2101).

## DISCUSSION

**¶9**          We review the denial of a motion to set aside entry of default and a default judgment for abuse of discretion. *Richas v. Superior Court*, 133 Ariz. 512, 514 (1982). We review the propriety of service de novo as a "legal question of personal jurisdiction," but still defer to the court's factual findings, setting them aside only if clearly erroneous. *Ruffino v. Lokosky*, 245 Ariz. 165, 168 ¶ 9 (App. 2018).

## I.    Alternative Service

**¶10**          Peters argues the court lacked jurisdiction to impose an answer deadline on him or to enter a default because the court improperly granted a motion for alternative service absent a showing of impracticability of personal service.

**¶11**          Peters did not raise impracticability in his motion to set aside. *See Hirsch*, 136 Ariz. at 311 (explaining that the scope of an appeal from a denial of a motion to set aside is restricted to the "questions raised by the motion"). Peters asserts he raised the impracticability argument with the court. But he points only to (1) a draft answer and counterclaim he never filed, (2) a declaration by one of his attorneys detailing his involvement with the lawsuit, and (3) the reply in support of the motion to set aside, which—although addressing impracticability—was filed seven days *after* the court entered default judgment.  Generally, "a claim raised for the first time in a reply is waived." *Westin Tucson Hotel Co. v. State Dep't of Revenue*, 188 Ariz. 360, 364 (App. 1997). Peters did not adequately raise the issue of impracticability before the superior court and we decline to address it on appeal.

## II.    Adequacy of Service

¶12    Peters argues the judgment is void because the court lacked jurisdiction over him at the time Thomas filed the application for entry of default due to improper service.

¶13    Courts must vacate void judgments. *Blair v. Burgener*, 226 Ariz. 213, 216 ¶ 7 (App. 2010). A judgment is void if the court that rendered it lacked jurisdiction over the defendant due to lack of proper service. *Duckstein v. Wolf*, 230 Ariz. 227, 233 ¶ 18 (App. 2012). The party moving to set aside a judgment for improper service generally has the burden to demonstrate with clear and convincing evidence his entitlement to set aside the judgment. *Id*. at 234 ¶ 20.

¶14    Service by alternative means carries with it certain requirements specified in the Rules. Applicable here, Rule 4.1(k)(2) requires mailing the pleading and the order allowing alternative service to the person being served. In turn, Rule 4(g)(3) requires a process server to file an affidavit of proof of service with the superior court. When applying for entry of default, Rule 55(a)(2)(F) sets forth the requisite contents of an application, including proof of service under Rule 4(g)(3). Peters argues that when alternative service is authorized, these rules require that a plaintiff seeking entry of default submit, as a part of its application, an affidavit that includes a statement that the summons and complaint were mailed. Peters asserts the application for default here did not include a compliant affidavit because it did not attach proof of mailing. This argument misses the point.

¶15    Even assuming the proof of service was defective because it did not state that the documents had also been mailed, the "[f]ailure to make *proof* of service does not affect the *validity* of service."  Ariz. R. Civ. P. 4(g)(6) (emphasis added). "It is not the return but the fact of service which gives the court jurisdiction." *Brandt v. Daman Trailer Sales, Inc.*, 116 Ariz. 421, 422 (App. 1977). If service on Peters was valid, the court had jurisdiction to set deadlines and enter default against him.

¶16    Here, Peters does not argue he was not served; he only challenges the return of service. That is insufficient to sustain a jurisdictional challenge. "The return is merely evidence by which the court may be informed that the defendant has been served." *Id*. (citing *Fridena v. Palmer*, 107 Ariz. 455, 457 (1971)).

¶17        Moreover, this record establishes that valid alternative service was completed. Thomas' application for entry of default included a declaration by the process server that the complaint and order allowing alternative service were posted in a conspicuous place on Peters' property. And—though not contained within the declaration of its process server—the record includes evidence that Thomas mailed the documents first-class via the United States Post Office to Peters at his personal residence on October 23, 2023. This was sufficient to establish personal jurisdiction and also satisfies the proof requirements of Rule 55(a)(2)(F) to enter default.

¶18        Peters failed to meet his burden of proving by clear and convincing evidence that the court should have set aside the default judgment. *Duckstein*, 230 Ariz. at 234 ¶ 20.

### III.     No Good Cause to Set Aside the Entry of Default

¶19        A court may vacate and set aside an entry of default for good cause. Ariz. R. Civ. P. 55(c).

¶20        Citing Rule 55(a)(3), Peters argues there is good cause to set aside the default here because Thomas never mailed the application for entry of default to Peters' attorney. True, failure to notify a known attorney for the party in default of the application for default renders entry of default judgment improper. *MacLean v. Newgioco Group, Inc.*, 251 Ariz. 31, 34 ¶ 13 n.3 (App. 2021). But "[a] party requesting the entry of default is not required to make affirmative efforts to determine the existence or identity of an attorney representing the party claimed to be in default." Ariz. R. Civ. P. 55(a)(3)(B).

¶21        Here, Thomas was unaware Peters had legal representation until the attorney introduced himself via email three days after the application for entry of default had already been filed and mailed to Peters personally in compliance with Rule 55(a)(3)(A). And the record shows Peters' attorney was already aware of the application for entry of default judgment at the time he emailed Thomas' attorney. Peters' attorney then sought and received two extensions of time to file a responsive pleading, one of which was formally recognized by the court. The court did not abuse its discretion in denying the motion to set aside the default judgment. *Richas*, 133 Ariz. at 514.

**CONCLUSION**

**¶22**　　　　For the foregoing reasons, we affirm the default judgment. We award costs to Thomas upon compliance with Arizona Rule of Civil Appellate Procedure 21. We deny Thomas' request for attorneys' fees on appeal because it fails to cite supporting authority for the request. *See* Ariz. R. Civ. App. P. 21(a)(2); *Ezell v. Quon*, 224 Ariz. 532, 539 ¶¶ 28–31 (App. 2010).



AMY M. WOOD • Clerk of the Court
FILED:　　AGFV